FARMERS HOME MUTUAL INSUR-
ANCE COMPANY, Appellant,

v.

George LILL, Lowell Knoll and Michael
Scott Knoll, Respondents.

No. C2-82-1056.

Supreme Court of Minnesota.

April 15, 1983.

Christianson & Christianson and Marcus
J. Christianson, Minneota, for appellant.

Blaufuss & Stoneberg and Cecil Naatz,
Marshall, for Lill.

Richard S. Roberts, Wheaton, for respondents.

## OPINION

SIMONETT, Justice.

Plaintiff Farmers Home Mutual Insurance Company appeals from a decision of the trial court declaring that insurance coverage existed for injury to defendant Michael Knoll under a policy purchased by defendant George Lill. The sole issue on appeal is whether the trial court erred by concluding that the declarations sheet of the farm liability policy was ambiguous as to whether a premium had been charged for coverage for farm employees. We hold that there was no ambiguity and reverse.

In 1978 Michael Knoll, age 15, was injured in a baling accident on George Lill's farm. Michael and his father brought suit against Lill for damages due to negligence. Lill tendered defense of the action to Farmers Home Mutual, his liability carrier. Farmers Home Mutual denied coverage and

brought this declaratory judgment action to determine the issue.

It is undisputed that at the time of the accident Michael Knoll was working as a farm employee of George Lill. The policy of Farmers Home Mutual provides coverage for a farm employee injured in the course and scope of his employment only if the employee is an "insured farm employee." An "insured farm employee" is defined in the policy as "any farm employee, if a premium charge is shown in the declarations with respect to farm employees." The dispute centers on whether the declarations sheet shows such a charge. (There is no claim of mistake or misrepresentation relating to Lill's purchase of the policy.) Because it is difficult to describe the declarations page clearly, especially with respect to the critical juxtaposition of various items, the relevant portion is reproduced below.[1]

The trial court was persuaded that the declarations page was ambiguous as to whether coverage had been purchased for farm employees. The judge applied the principle that ambiguities are resolved against the drafter of the policy in insur-

ance cases and granted judgment in favor of the insured. The insurer appeals.

Farmers Home Mutual contends that the declarations page unambiguously depicts the types of insurance coverages in force under Lill's policy. Farmers Home Mutual reads the page as consisting of two tiers of insurance coverage options, each option being separately entitled with a space below it for designating the limits of the particular coverage and the premium paid therefor. In bold print on the far left side of the page, the words "COVERAGES," "LIMITS" and "PREMIUM" appear, repeated twice, for both the top and bottom tiers. So reading from left to right along the top tier, Lill had purchased $50,000 of Coverage G, "PERSONAL LIABILITY," for $23. Continuing to the right along the top tier, Lill had extended his personal liability coverage to his acreage in excess of 160 acres for an additional premium of $5. Lill also had purchased Coverage H, "PERSONAL MEDICAL PAYMENTS," with limits of $500 per person and $25,000 per accident. The premium for this coverage was included in the basic policy premium, hence the

1.

**DECLARATIONS**

The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| | G. (1) PERSONAL LIABILITY (Includes Neighborly Exchange Labor) | G. (2) Number of Additional Sets of Farm Buildings incl. 160 Acres | G. (3) Number of Additional Family Residences Occupied or Rented | G. (4) Total Acreage in Excess of 160 Acres Included in Cov. G. (1) | H. PERSONAL MEDICAL PAYMENTS | | I. PHYSICAL DAMAGE |
|---|---|---|---|---|---|---|---|
| COVERAGES | | | | | | | |
| LIMITS | (Each Occurrence) $50,000. | | | 50.000 | (Each Person) 500 | (Each Accident) $25,000. | (Each Occurrence) $250. |
| PREMIUM | 23.00 | | | 5.00 | INCL. | | |

| | J. ANIMAL COLLISION (Market Value not Exceeding) | K. CUSTOM FARMING (First $500. Included) | L. FARMERS MEDICAL PAYMENTS** | FIRE LEGAL LIABILITY | FARM EMPLOYEES* Number of Months of Total Employment | Medical Payments (Each Person) | OUTBOARD MOTORS*** Medical Payments |
|---|---|---|---|---|---|---|---|
| COVERAGES | | | | | | | |
| LIMITS | (Each Animal) $300. | (Annual Receipts) | (Each Person) | (Each Accident) $10,000. | | | (Each Person) |
| PREMIUM | Incl. | | | | | | |

REMARKS: *The number of employee months is based upon the total number of farm employees, and all full time residence employees in excess of two of the named insured, actually employed by the insured during the previous year, not including relatives or members of the family residing with the insured.

letters "INCL." on the premium line. When, however, one goes to the lower tier of coverages there is nothing typed in in the space below the heading "FARM EMPLOY-EES." Since this column has been left blank, Farmers Home Mutual insists it is clear that the requisite premium to insure farm employees was not charged.

■ We agree that Farmers Home Mutual's interpretation of the declarations is eminently reasonable. However, if there is a competing reasonable interpretation, there is ambiguity and the insurer's reading must give way to the insured's. The trial court concluded that an alternative reasonable interpretation could be made using the following analysis:

[J]ust above the farm employee section which is part of Section "H" (Personal Medical Payments) is typed the word "INCL." (All parties agree that INCL. stands for the word "included"). Also under Section H, just before the INCL. and just below the printed word "each person" is the typed figure "500". Nowhere on such Declaration sheet except under Coverage "G" and "J" does the printed form have the printed word "premium" and in respect to Section "J", after the printed word "premium", is printed INCL. Following the principle of ordinary interpretation of such Declaration sheet one would be lead to believe that the coverage provided consisted of coverage "G" including farm employees under "H". There is no method for determining whether the premium charged under "G" includes a charge for employees or not.

The trial court then goes on to say:

Counsel for plaintiff argues that under "farm employees" Section "H" there should have appeared a premium charge. First of all there is no provisions for premium charge printed on such form under Section "H" and secondly, section "H" deals with Personal Medical Payments only. Just where a separate charge for farm employee was intended to be shown under "G" is a mystery.

From these statements we understand the proposed alternative reading to be based on a vertical rather than horizontal arrangement of coverages. Thus the section entitled "FARM EMPLOYEES" would be read as a part of Coverage H, "PERSONAL MEDICAL PAYMENTS." The letters "INCL." which appear below "PERSONAL MEDICAL PAYMENTS" but above "FARM EMPLOYEES" would serve the dual purpose of showing that farm employee coverage is included under Coverage H, and also that the premium for Coverage H, including farm employees, is included in the basic premium for Coverage G, the same as the premium for "ANIMAL COLLISION," Coverage J, is shown as included in the basic premium.

■ We do not think this alternative interpretation of the declarations page is reasonable. When the chart is viewed as a whole, it is unmistakable that it is structured on a horizontal, not a vertical, basis. Coverages J, K and L, which all appear in the second tier below Coverage G, are each separately defined in the policy. While the remaining three items in the second tier are not clearly identified policy options, the context shows that they nonetheless are not to be read in conjunction with the coverages directly above them. There is, for example, no logical relationship between "Total Acreage in Excess of 160 Acres Included in Cov. G(1)" at the top and "FIRE LEGAL LIABILITY" below it, or between "PHYSICAL DAMAGE" at the top and "OUTBOARD MOTORS" in the second tier. Finally, if farm employee coverage had been purchased, there should have been entries under "FARM EMPLOYEES" in the spaces for number of employees, months of total employment and limits of medical payments.

■ Provisions in an insurance policy are to be interpreted according to both "plain, ordinary sense" and "what a reasonable person in the position of the insured would have understood the words to mean." *Canadian Universal Insurance Co. v. Fire Watch, Inc.,* 258 N.W.2d 570, 572 (Minn. 1977). We recently emphasized in *Nordby*

*v. Atlantic Mutual Insurance Co.,* 329 N.W.2d 820 (Minn.1983), that the fact that a policy must be read with some care does not alone make it ambiguous. We stated: "Although it might have been more artfully drafted, we do not find this endorsement, construed as a whole, to be ambiguous. A careful and complete reading of the endorsement reveals a clear exclusion of coverage." *Id.* at 823. We hold that the present policy similarly is not reasonably susceptible of an interpretation that a "premium charge is shown in the declarations with respect to farm employees." A reasonable person in the position of the insured would not have understood that he had purchased liability coverage for injuries to employees.

Reversed.