AMERICAN STATES INSURANCE
COMPANY, Appellant,

v.

SOUTHWEST AIRCRAFT LEASING
INC., a corporation, and Barbee Lee
Bellows, personal representative of the
estate of Howard A. Bellows, deceased,
and the United States of America, Ap-
pellees.

No. 82–2438–MN.

United States Court of Appeals,
Eighth Circuit.

Argued June 14, 1983.

Decided Sept. 14, 1983.

Dean K. Johnson, Dean K. Johnson Law
Offices, Bloomington, Minn., for appellant.

J. Paul McGrath, Asst. Atty. Gen., Wash-
ington, D.C., John M. Lee, Asst. U.S. Atty.,
Minneapolis, Minn., Gary W. Allen, Asst.
Director, Torts Branch, Dept. of Justice,
Washington, D.C., for appellees.

Before LAY, Chief Judge, SWYGERT,
Senior Circuit Judge,[1] and ARNOLD, Cir-
cuit Judge.

PER CURIAM.

On July 12, 1978 an airplane piloted by
Howard Bellows crashed near Faribault,
Minnesota, after flying into an area of
heavy thunderstorms. The pilot and five
passengers were killed in the crash. At the
time of the accident the aircraft was being
leased to Ranenhorst, Bellows & Associates,
Inc., a Minnesota agricultural business con-
cern, by Southwest Aircraft Leasing, Inc.
("Southwest"). American States Insurance
Company ("American States") had issued
Southwest a policy of insurance covering
liabilities for personal injury and property
damage from use of the aircraft. Follow-
ing the accident Southwest attempted to
recover under the policy. American States
denied coverage, claiming that Bellows's
lack of a current medical certificate served
to negate coverage under exclusions con-
tained in the policy.

American States initiated this declaratory
judgment action against Southwest and the
United States[2] seeking a determination as

---

1. The Honorable Luther M. Swygert, Senior
   Circuit Judge for the United States Court of
   Appeals for the Seventh Circuit.

2. The United States was a defendant in actions
   brought by the estates of the pilot and passen-
   gers, Southwest, and American States for
   wrongful death and property damages under
   the Federal Tort Claims Act, 28 U.S.C.

§ 1346(b). The government settled the pilot
and passenger cases and counterclaimed
against Southwest to recover by contribution
or indemnity a portion of the amounts which it
had paid in settlement.

to its obligation to provide liability coverage to Southwest for the government's counterclaim.

American States contended in the district court that although Bellows possessed a valid pilot's certificate, his failure to renew his medical certificate (which had expired approximately six months before the accident) excluded the airplane from coverage under the express provisions of the policy. The district court disagreed, holding that the language of the American States insurance policy did not incorporate the medical certificate requirement into its exclusionary clause, and that, regardless of the language of the policy, American States is prohibited, under Minnesota Statute Section 60 A.081, from declining coverage on the basis of an expired medical certificate. We conclude that the district court did not err in its analysis of the insurance policy exclusions and we affirm on that basis.

The policy provisions at issue are, in pertinent part, as follows:

Exclusion No. 2:

This policy does not apply . . .

2. to any occurrence or to any loss or damage occurring when the aircraft is operated in flight by other than the pilot or pilots set forth under Item 7 of the Declarations;

Declaration No. 7:

Pilot Clause. Only the following pilot or pilots holding valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight: See Endorsement No. 2.

Endorsement No. 2 provides, in pertinent part:

In consideration of the premium charged, it is agreed that the typewritten portion of Item No. 7 of the Declarations shall read as follows: Howard A. Bellows provided he has a current private or commercial certificate with a multiengine rating and a minimum of 2800 logged pilot hours of which at least 1,550 hours have been in multiengine aircraft . . . .

Exclusion No. 2 does not mention the requirement of a medical certificate, stating rather that the policy does not apply when the plan is operated "by other than" the "pilot or pilots" named in Item 7 of the Declarations. Item 7, in turn, identifies Howard A. Bellows, *"provided"* he has fulfilled the enumerated experience requisites.

We agree with the district court, and other courts, construing nearly identical provisions that the exclusion fails expressly to incorporate the medical certificate language of Declaration No. 7, *see, e.g., Ranger Insurance Co. v. Culberson,* 454 F.2d 857, 866 (5th Cir.1972); *National Indemnity Co. v. Demanes,* 86 Cal.App.3d 155, 150 Cal. Rptr. 117 (1978), and therefore cannot serve to suspend coverage under the terms of the policy. It is settled that a policy of insurance is construed liberally in favor of the insured and every reasonable doubt as to the meaning of the language used resolved in his favor. *Weum v. Mutual Benefit Health,* 237 Minn. 89, 54 N.W.2d 20 (1952); *Farmers Home Mutual Ins. Co. v. Lill,* Minn., 332 N.W.2d 635 (1983). Exclusion No. 2 refers to the identification of pilots. Had the lack of a medical certificate been intended to suspend coverage, we assume it would have appeared in the exclusion clause.

American States argues that the "reasonably literate person" would read the policy as follows:

Exclusion 2 is activated only when the aircraft is flown by a pilot not among the group of four identified in the Pilot Clause but if the pilot is someone among the group of four, the promises made concerning them nevertheless be kept.

We agree this could be a reasonable interpretation of the policy, but we also believe the government's interpretation reasonable, and "if there is a competing reasonable interpretation, there is ambiguity and the insurer's reading must give way to the insured's." *Lill, supra,* 332 N.W.2d at 637.

Given our holding that the district court's construction of the policy was not erroneous, we do not reach the question of wheth-

er such an exclusion would have been precluded under Minn.St. § 60A.081.

The judgment of the district court is affirmed. Circuit Rule 14 shall apply.