**Thomas LEACH, Appellant,**

v.

**ILLINOIS FARMERS INSURANCE CO., Respondent.**

No. C9–84–555.

Court of Appeals of Minnesota.

Sept. 4, 1984.

Holstad & Bodelson, Gary B. Bodelson, White Bear Lake, for appellant.

Gislason, Dosland, Hunter & Malecki, Barry G. Vermeer, Minnetonka, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an action to obtain $200,000 in uninsured motorist coverage from respondent Illinois Farmers Insurance Company as a result of an accident causing injury to appellant Thomas Leach. The out-of-state vehicle Leach was driving did not provide $30,000 in basic economic loss benefits as mandated by Minn.Stat. § 65B.44 (1982). Cross motions for summary judgment were made by the parties. On February 21, 1984, the trial court denied Leach's motion for partial summary judgment and granted summary judgment in favor of Illinois Farmers, concluding that the vehicle causing injury to Leach was insured because it had the minimum amount of liability coverage required by Minnesota law. We affirm.

## FACTS

On June 20, 1983, appellant Thomas Leach was injured when the automobile he was driving went out of control in Nebraska. The automobile was owned by his employer, Douglas Hvistendahl, a North Dakota resident. Prior to the accident, Leach had been living and attending a Bible College in North Dakota.

Hvistendahl's vehicle was insured by Preferred Risk Insurance Company with bodily injury liability coverage of $25,000 for each person, $50,000 for each occurrence, and $15,000 in personal injury protection benefits. Leach was paid the $15,000 for his medical expenses.

At the time of the accident, Leach's parents, who were Minnesota residents, had

two automobiles insured with respondent Illinois Farmers. These policies provided basic economic loss benefits of $30,000 and uninsured motorist coverage of $100,000.

Leach, an insured under his parents' policies with Illinois Farmers, demanded payment of basic economic loss benefits under the two policies and was paid $56,000. Illinois Farmers refused payment of uninsured motorist coverage.

### ISSUES

1. Is a North Dakota vehicle which has liability insurance coverage meeting the requirements of Minn.Stat. § 65B.49, subd. 3 (1982) uninsured under the Minnesota No-Fault Act because its coverage for basic economic loss benefits is less than the amount required in Minnesota?

2. Are the other issues raised by Leach properly before this court?

### ANALYSIS

#### I

Minn.Stat. § 65B.49, subd. 3 (1982) requires residual liability insurance in the amount of $25,000 bodily injury per person and $50,000 per accident. Minn.Stat. § 65B.44, subd. 1 (1982) requires a minimum coverage of $30,000 for basic economic loss benefits. This requirement is mandatory, Minn.Stat. § 65B.49, subd. 2 (1982).

Both parties agree that the Hvistendahl vehicle had liability coverage which satisfied the residual liability requirements of section 65B.49, subd. 3. Leach contends, however, that because the vehicle did not have the $30,000 coverage for economic loss benefits as required by section 65B.44, subd. 1, the vehicle is an uninsured vehicle.

"Uninsured motor vehicle" is defined as "any motor vehicle or motorcycle for which a plan of reparation security meeting the requirements of sections 65B.41 to 65B.71 is not in effect." Minn.Stat. § 65B.49, subd. 4(3) (1982). The trial court held that "the amount of the North Dakota vehicle's PIP [economic loss] benefits are irrelevant in the instant case. As long as the liability coverage meets the requirements of Minne-

sota law, the vehicle is not uninsured." We agree.

If read literally, Minn.Stat. § 65B.49, subd. 4(3) would seem to indicate that an out-of-state vehicle is uninsured if it fails to meet any requirement of the No-Fault Act. That is why Leach contends the Hvistendahl vehicle, which does not provide coverage of $30,000 in basic economic loss benefits is an uninsured vehicle. This argument is without merit.

In *Murphy v. Milbank Mutual Ins.*, 320 N.W.2d 423 (Minn.1982), the supreme court held that if a Minnesota resident is injured outside of Minnesota as a result of the negligence of a driver of an automobile having an insurance policy with a *liability limit* less than $25,000/50,000, that automobile is an "uninsured motor vehicle." *Id.* at 425. In particular, the court stated:

> This is a straightforward issue of statutory construction and the provision in question is unambiguous. The legislature chose to classify uninsured vehicles by reference to Minnesota *liability coverage requirements*, and we have held that an 'uninsured motor vehicle is one which does not carry insurance meeting the minimum legal requirements' of the Minnesota No-Fault Automobile Insurance Act. *DiLuzio v. Home Mutual Insurance Co.*, 289 N.W.2d 749, 751 (Minn. 1980). Thus, the trial court properly ruled that the Engel vehicle, carrying only $10,000 liability coverage for one person injured in one accident, was an 'uninsured motor vehicle.'

*Id.* at 424–25 (emphasis added). *Murphy* clearly relates uninsured vehicles to "liability coverage requirements." There is no reference to basic economic loss benefits.

In addition to *Murphy*, Minn.Stat. § 65B.49, subd. 4(4) (1982). provides:

> No recovery shall be permitted under the uninsured motor vehicle provisions of this section for basic economic loss benefits paid or payable, or which would be payable but for any applicable deductible.

*Id.* The intent is clear. The purpose of section 65B.49, subd. 4(4) is to prohibit a double recovery for economic loss which has already been paid to the insured by way of the basic economic loss benefits.

In addition, Section 65B.49, subd. 4 makes uninsured motorist coverage in the amount of *$25,000/$50,000 per vehicle* mandatory for all automobiles registered or principally garaged in Minnesota, an amount equalling the minimum requirements for residual liability insurance specified in Minn.Stat. § 65B.49, subd. 3. That amount does not correspond to the basic economic loss benefits required in section 65B.44, subd. 1. It is reasonable, then, to assume the legislature chose to classify uninsured vehicles by reference to liability coverage requirements and not basic economic loss benefit coverage.

Finally, the contracts of insurance between Leach's parents and Illinois Farmers contain the standard endorsement defining an uninsured motor vehicle as a vehicle which is:

(a) Not insured by a bodily injury liability bond or policy at the time of the accident.

(b) Insured by a liability bond or policy at the time of the accident which pro-vides bodily injury liability limits less than the minimum bodily injury liability limits required by the financial responsibility law of the state in which your insured car is principally garaged.

(c) A hit-and-run vehicle whose operator or owner has not been identified and which causes bodily injury to you or any family member.

(d) Insured by a bodily injury liability bond or policy at the time of the accident but the Company denies coverage or is or becomes insolvent.

The endorsement language fortifies the conclusion that an uninsured motor vehicle is to be considered as uninsured by reference to the vehicle's *liability* coverage.

## II

Although other issues were raised by Leach in the trial court, the only issue considered was whether "a motor vehicle is uninsured under Minnesota law because it does not have the statutory amount of 'PIP' benefits available but where the requisite liability coverage is present."

A reviewing court must limit itself to a consideration of only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.

*Thayer v. American Financial Advisers, Inc.,* 322 N.W.2d 599, 604 (Minn.1982) (citations omitted).

## DECISION

The vehicle driven by Leach was not an "uninsured motor vehicle" as defined by the No-Fault Act even though its coverage for basic economic loss benefits is less than $30,000 as required by Minn.Stat. § 65B.44, subd. 1 (1982).

Affirmed.