**Samuel E. ESTES, et al., Respondents,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Appellant.**

No. CX–84–1133.

Court of Appeals of Minnesota.

Nov. 20, 1984.

Robert D. Stoneburner, Paynesville, for respondents.

Hugh J. Cosgrove, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, P.J., and SEDGWICK and LESLIE, JJ.

## OPINION

SEDGWICK, Judge.

State Farm Fire and Casualty Company (State Farm) appeals the trial court's judg-

ment that it owes Samuel and Jean Estes the replacement cost of a slate roof damaged by hail.

## FACTS

Respondents Samuel and Jean Estes own a home in Belgrade, Minnesota which was damaged by hail on August 6, 1980. At that time they were insured by appellant State Farm. The Estes' insurance contract included the following loss settlement provision:

LOSS SETTLEMENT. Covered property losses are settled as follows:

    \*    \*    \*    \*    \*    \*

c. Buildings under coverage A. at replacement cost, without deduction for depreciation, subject to the following:

(1) We will pay the cost of repair or replacement, without deduction for depreciation, but not exceeding the smallest of the following amounts:

(a) The limit of liability under this policy applying to the building;

(b) The replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or,

(c) The amount actually and necessarily spent to repair or replace the building.

State Farm sent out its claims representatives to inspect the Estes' home. They determined that the roof would have to be replaced. Two estimates were prepared for replacement of the slate roof. The first estimate was $36,200; the second estimate was $30,712.

State Farm notified the Estes that it would pay actual replacement costs up to a total of $30,712 on the roof repair. The Estes spent less than the $30,712 estimate because they replaced the roof with cheaper material than slate. However, they submitted invoices for the full $30,712 to State Farm. State Farm paid the Estes a total of $18,142.40 based on the first two invoices submitted. State Farm refused to pay the full claim after an inspection revealed that the Estes had replaced the slate roof with cheaper material at an actual cost of $13,-000.

The case was tried on stipulated facts. The trial court ruled that the insurance provision was ambiguous and should be resolved against State Farm. The court ruled the Estes were entitled to the replacement cost of a slate roof even though they repaired the roof with cheaper material. On appeal State Farm contends that the Estes are entitled to recover the amount actually and necessarily spent to repair or replace the damaged roof, $13,-000.00.

## ISSUE

Did the trial court err in ruling that the insurance policy provision was ambiguous?

## ANALYSIS

Subject to other statutory provisions, general principles of contract law apply to insurance policies. *Bobich v. Oja*, 258 Minn. 287, 104 N.W.2d 19 (1960). Any reasonable doubt as to the policy's meaning must be resolved in favor of the insured, but the court has no right to read an ambiguity into plain language of an insurance policy in order to construe it against the one who prepared the contract. *Id.* at 294, 104 N.W.2d at 24; *see Firemen's Insurance Co. v. Viktora*, 318 N.W.2d 704, 706 (Minn.1982).

There is no ambiguity in this insurance policy provision. It clearly states that State Farm will pay replacement cost subject to one limitation—it will pay the lesser of three alternatives: the limit of liability, the replacement cost for equivalent construction and use, *or* the amount actually spent to repair the damage. (emphasis added) The provision clearly limits the otherwise broad meaning of "replacement cost," restricting the options the insured has to replace a damaged item. The option of how to replace a damaged item is up to the insured. The Estes chose to replace their slate roof with one of lesser cost and quality. Therefore, they are entitled only

to the amount they actually spent to replace the roof, $13,000.

The Estes also claim that the loss settlement provisions in the insurance policy allow for recovery for diminution in value. They, however, admit the trial court did not address this issue. Therefore, this question is not properly before us:

> A reviewing court must limit itself to a consideration of only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.

*Leach v. Illinois Farmers Insurance Co.*, 354 N.W.2d 119 (Minn.Ct.App.1984) (quoting *Thayer v. American Financial Advisers, Inc.* 322 N.W.2d 599, 604 (Minn.1982)).

### DECISION

Appellants are entitled to recover on their insurance policy the amount actually spent on the replacement of their roof, $13,000.00. We remand to the trial court with instructions to modify the judgment to return to State Farm any excess amounts paid.

Reversed and remanded.