Eddie ROSS, Respondent,

v.

CITY OF MINNEAPOLIS, Defendant and Third Party Plaintiff, Respondent,

Minneapolis Boxing and Wrestling Club, Inc., Respondent,

v.

KELBER CATERING, INC., Third Party Defendant,

and

Appeal of BELLEFONTE UNDERWRITERS INSURANCE COMPANY and/or Armco Insurance Group, Garnishee/Intervenor.

No. CX–87–241.

Court of Appeals of Minnesota.

July 7, 1987.

Review Denied Sept. 23, 1987.

Robert E. Salmon, Charles E. Spevacek, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Minneapolis, for Eddie Ross.

David V. Anderley, Edina, for City of Minneapolis.

Charles Hvass, Jr., Hvass, Weisman & King, Chtd., Minneapolis, for Minneapolis Boxing and Wrestling Club, Inc.

Richard P. Mahoney, Sheila Ann Engelmeier, Mahoney, Dougherty and Mahoney, Minneapolis, for Bellefonte Underwriters Ins. Co.

Heard, considered and decided by POPOVICH, C.J., and FORSBERG and MULALLY,* JJ.

## OPINION

MULALLY, Judge.

In this action arising out of a claim for negligence, the trial court granted a summary judgment against the defendants' insurer, finding coverage. The insurer ap-

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

peals, contending that it provided no coverage for the plaintiff's claim. We reverse.

## FACTS

On October 4, 1981, respondent Eddie Ross attended wrestling matches at the Minneapolis Auditorium, which is owned by respondent City of Minneapolis (City). The matches were sponsored by respondent Minneapolis Boxing and Wrestling Club (Club). As he was leaving the auditorium, Ross was physically assaulted by unidentified persons. As a result, he "lost his right eye."

Ross brought a negligence action against the City and the Club, asserting that his injuries were caused by their failure to take proper safety precautions for the health, welfare, and safety of their patrons. The City interposed an answer denying liability and concurrently interposed a crossclaim against the Club for indemnification pursuant to the terms of a written lease agreement executed between the City and the Club.[1] The Club then tendered Ross' complaint and the City's crossclaim to its general liability insurer, appellant Bellefonte Underwriters Insurance Company. Bellefonte denied the tender of defense, citing an "Assault and Battery Exclusion" in its policy.

On June 12, 1985, Ross, the City, and the Club entered into a settlement agreement based on *Miller v. Shugart*, 316 N.W.2d 729 (Minn.1982), providing for entry of judgment in favor of Ross against the City and the Club for $500,000.00 (the amount of Bellefonte's coverage), recoverable only against Bellefonte. After a hearing, the trial court approved the settlement as reasonable and entered a consent judgment in favor of Ross.

Ross next served a garnishment summons on Bellefonte. When Bellefonte claimed that no money was due, Ross filed a blended motion for summary judgment

and/or declaratory judgment seeking a determination that Bellefonte was liable for coverage. The trial court granted Ross' motion for a summary judgment, awarding him $500,000.00 plus costs, disbursements, and interest. The court found that the policy was unambiguous and that the exclusion did not apply because the underlying action was founded on negligence rather than assault and battery. Bellefonte now appeals from the judgment.

## ISSUE

Was Ross' claim covered by the policy issued by Bellefonte?

## ANALYSIS

Bellefonte claims that the insurance policy it issued to the Club was unambiguous and that it did not provide coverage for Ross' claim. Under the policy's liability coverage, Bellefonte agreed to pay damages for bodily injuries caused by an "occurrence." The policy defined "occurrence" as "an accident * * * which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." The policy also included the following exclusion:

> Anything contained in this policy to the contrary notwithstanding; it is agreed and understood that this policy shall not cover claims for bodily injury or death caused by or arising directly or indirectly out of or from an assault and battery of any nature whatsoever whether or not committed by or at the direction of the insured.

■ The term "arising out of" requires only a causal connection; it does not require proximate cause. *See Rausch v. Beech Aircraft Corp.*, 277 N.W.2d 645, 647 (Minn.1979). Here Ross' claim clearly was causally connected to an assault or battery. Therefore, under the unambiguous terms of the insurance policy, the claim was excluded from coverage.

1. The City joined Kelber Catering, Inc., as a third party defendant, but later dismissed Kelber from the suit.

The trial court erroneously examined the legal theory under which Ross had brought his claim, and found coverage because the action was based on negligence rather than assault and battery. This theory has been rejected by courts in several other jurisdictions. For example, in *Tarrant County Ice Sports, Inc. v. Equitable General Life Insurance Co. of Oklahoma,* 662 S.W.2d 129 (Tex.Ct.App.1983), the court found no coverage where the victims were assaulted as they left a hockey game. The victims sued the sponsor of the game, alleging "many and varied acts of negligence," and recovered monetary damages. The sponsor's insurer brought a declaratory judgment action to determine whether it was compelled to indemnify and defend the sponsor under the terms of the policy, which provided that "bodily injuries or death alleged to have been caused by assault and/or battery" were excluded from coverage. The trial court found no coverage and the court of appeals affirmed, holding as follows:

> Appellants * * * claim that because their suit * * * alleged negligence * * * and because they did not contend that [the sponsor] or its employees or agents assaulted them, * * * their injuries should be covered by the policy. It is appellants' contention that the language of the endorsement limits the insurance company's liability to those instances where the bodily injury or death is alleged to have been caused by negligence.
>
> \*   \*   \*   \*   \*   \*
>
> A plainer and more distinct assertion of assault and battery cannot be imagined. This was an assault and battery, pure and simple, and under the plain language of the policy endorsement was excluded from coverage under this policy.

*Id.* at 131. *See also Taylor v. Duplechain,* 469 So.2d 472, 474 (La.Ct.App.), *writ denied,* 474 So.2d 1306 (La.1985); *Illinois Employers Insurance of Wausau v. Dragovich,* 139 Mich.App. 502, 507–08, 362 N.W.2d 767, 769 (1984); *Bankert by Habush v. Threshermen's Mutual Insurance Co.,* 110 Wis.2d 469, 480–81, 329 N.W.2d 150, 154–155 (1983).

■  Respondents' grounds for distinguishing these decisions are not convincing. Furthermore, the trial court here did not cite any decisions where coverage *was* found in similar circumstances; nor were respondents able to produce any such cases. Indeed, the lone Minnesota case cited by respondents actually dictates a finding of no coverage here:

> A different situation is disclosed * * * where public liability policy issued to cover loss for bodily injury caused by accident to one operating a public place * *. Coverage there extends to unprovoked assaults committed upon an invitee by an agent or servant in charge. *But, of course, such assault if committed away from the place of the insured and not within the scope of the agent's or servant's duties would not be covered.*

*Langford Electric Co. v. Employers Mutual Indemnity Corp.,* 210 Minn. 289, 298, 297 N.W. 843, 847 (1941) (emphasis added). Here the assault was committed away from the auditorium and was not within the scope of agent's or servant's duties.

■  Respondents argue that the result reached below was correct for other reasons, but their arguments are without merit. Respondents first contend that the phrase "whether or not committed by or at the direction of the insured" really means "only if committed by or at the direction of the insured." This assertion rests on the fact that Webster's Dictionary defines "whether or not" as meaning "in any case." This argument is specious at best. It is axiomatic that terms of a contract are to be given their plain, ordinary, and popular meaning. *See, e.g., Farmers Home Mutual Insurance Co. v. Lill,* 332 N.W.2d 635, 637 (Minn.1983). The meanings asserted by respondents are neither plain, ordinary, nor popular. The only common sense definition attributable to the phrase "whether or not committed by or at the direction of the insured" is "whether committed by or at the direction of the insured,

or *not* committed by or at the direction of the insured."[2]

■ Respondents next argue that the exclusion for assaults and batteries does not apply because it does not affect or modify the term "occurrence." This argument is similarly unconvincing. As in the foreign cases discussed above, the plain meaning of the exclusion is clear, and would not be any clearer if it were set forth in language modifying the term "occurrence." Moreover, the exclusion applies "notwithstanding anything contained in this policy to the contrary."

Both respondents also argue that since Ross and Bellefonte attribute different meanings to the insurance policy, the policy is ambiguous, and therefore must be construed against the insurer. However, a contract is not necessarily ambiguous simply because the parties advance differing interpretations of it. Moreover, "the court has no right to read an ambiguity into plain language of an insurance policy in order to construe it against the one who prepared the contract." *Estes v. State Farm Fire and Casualty Co.*, 358 N.W.2d 123, 124 (Minn.Ct.App.1984), *modified on other grounds*, 365 N.W.2d 769 (Minn.1985). The plain language of the policy here clearly excluded from coverage any claims arising out of an assault or battery.

■ Finally, respondents argue that coverage should be found in accordance with the reasonable expectations of the parties. In *Atwater Creamery Co. v. Western National Mutual Insurance Co.*, 366 N.W.2d 271 (Minn.1985), the supreme court held that the reasonable expectations doctrine may be applied even where the terms of a contract are not ambiguous. *Id.* at 278. Subsequent decisions by this court, however, have limited the reasonable expectations doctrine to cases involving contracts with hidden exclusions. *See Gunderson v.*

*Classified Insurance Corp.*, 397 N.W.2d 922, 925 (Minn.Ct.App.1986); *Park v. Government Employees Insurance Co.*, 396 N.W.2d 900, 902–903 (Minn.Ct.App. 1986), *pet. for rev. denied* (Minn. Feb. 13, 1987); *Merseth v. State Farm Fire and Casualty Co.*, 390 N.W.2d 16, 18 (Minn.Ct. App.1986), *pet. for rev. denied* (Minn. Aug. 13, 1986). Here the assault and battery exclusion was not hidden; it was clearly marked and appeared under the capitalized heading ASSAULT AND BATTERY EXCLUSION # 6 on an otherwise blank page. Therefore, we decline to apply the reasonable expectations doctrine in this case.

"Exclusions in a policy * * * are as much a part of the contract as other parts thereof and must be given the same consideration in determining what is the coverage." *Bobich v. Oja*, 258 Minn. 287, 295, 104 N.W.2d 19, 24–25 (1960). The plain language of the assault and battery exclusion in the insurance policy here clearly dictates a finding of no coverage. In light of this holding, we need not address the trial court's refusal to grant Bellefonte's request for a continuance.

### DECISION

The trial court erred in finding that respondent Ross' claim was covered by the insurance policy issued by appellant.

Reversed.

---

**2.** Even if dictionary definitions were binding on this court, reference might just as easily be made to the American Heritage Dictionary, which defines "whether or not" to mean "regardless of circumstances." Black's Law Dictionary does not include a definition of "whether or not."