**Ronald ROLOFF, et al., Appellants,**

v.

**TASTE OF MINNESOTA,
et al., Defendants,**

**American Empire Surplus Lines
Insurance Company, garnishee,
Respondent.**

No. C0–92–750.

Court of Appeals of Minnesota.

Aug. 11, 1992.

Review Denied Oct. 20, 1992.

Mark C. Vandelist, Heuer & Vandelist, P.A., Minneapolis, for appellants.

Eric L. Marhoun and William M. Hart, Meagher & Geer, Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and PETERSON and AMUNDSON, JJ.

## OPINION

LANSING, Judge.

An injured festival patron appeals the trial court's denial of his motion to file a supplemental complaint to garnish the festival's insurer after the entry of a stipulated judgment on the personal injury claim.

### FACTS

Ronald Roloff was injured in a fight at the 1987 Taste of Minnesota festival sponsored by the St. Paul Downtown Council. He and his wife brought suit against the person who injured him and the organizers of the event, including the Council. The complaint alleged that the Council was negligent in failing to provide adequate security. American Empire Surplus Lines Insurance Co., the insurer for the event, refused to defend the suit against the Council because the insurance policy excluded coverage of claims based on assault and battery.

Roloff and the Council entered into a *Miller–Shugart* settlement in which the Council admitted liability and agreed to entry of judgment against it for $300,000 to be collected from any insurance proceeds available. Roloff then served a garnishment summons and complaint on American Empire. American Empire denied liability, and Roloff moved the court to allow him to file a supplemental complaint naming American Empire as garnishee in the action. The court denied the motion. Roloff appeals, contending that his claim is based on negligence not assault and battery.

### ISSUE

Does the insurance policy's assault and battery exclusion rule out coverage on a claim for negligent provision of security?

## ANALYSIS

■ To succeed on a motion to file a supplemental complaint for garnishment, the moving party must show probable cause that the garnishee will be liable for the debt. Minn.Stat. § 571.75, subd. 4 (1990). Whether American Empire will be liable in this case depends on the language of the insurance contract. Interpretation of an insurance contract is a question of law. *Trondson v. Janikula*, 458 N.W.2d 679, 681 (Minn.1990).

■ The disputed clause reads

### ASSAULT AND BATTERY EXCLUSION

It is hereby understood and agreed that no coverage shall apply under this policy for any claim, demand or suit based on assault and battery, and assault shall not be deemed an accident, whether or not committed by or at the direction of the Insured.

Roloff argues that his claim is based on negligence not assault and battery, thus the assault and battery exclusion does not shield American Empire from liability on the judgment. American Empire argues that the assault and battery exclusion shields it from liability regardless of the legal theory of the complaint when the ultimate basis of the claim is assault.

This court has rejected this coverage argument in a similar case. In *Ross v. City of Minneapolis*, 408 N.W.2d 910 (Minn. App.1987), *pet. for rev. denied* (Minn. Sept. 23, 1987), the plaintiff was assaulted as he was leaving an auditorium and sued the sponsor of the event for negligent security. The sponsor's policy excluded coverage "for bodily injury or death caused by or arising directly or indirectly out of or from an assault and battery * * *." *Id.* at 912. Stating that "arising out of" requires only a causal connection, not proximate cause, this court explicitly rejected the argument that such a claim arises out of negligence rather than assault. *Id.*

The language of the exclusion in *Ross* differs from the policy language in this case. However, in uniformly rejecting the argument made by Roloff, courts in other jurisdictions have not distinguished between exclusion clauses using "based on" language and those using "arising out of" language. *See United Nat'l Ins. Co. v. Entertainment Group, Inc.*, 945 F.2d 210 (7th Cir.1991); *American Empire Surplus Lines Ins. Co. v. Bay Area Cab Lease, Inc.*, 756 F.Supp. 1287 (N.D.Cal.1991); *Terra Nova Ins. Co. v. Nanticoke Pines, Ltd.*, 743 F.Supp. 293 (D.Del.1990); *Terra Nova Ins. Co. v. North Carolina Ted, Inc.*, 715 F.Supp. 688 (E.D.Pa.1989); *St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's, Inc.*, 582 F.Supp. 865 (E.D.Pa.1984); *Gregory v. Western World Ins. Co.*, 481 So.2d 878 (Ala.1985); *Cortinez v. Handford*, 490 So.2d 626 (La.Ct.App.1986); *Gaspard v. Jefferson Ins. Co.*, 488 So.2d 350 (La.Ct. App.1986); *Taylor v. Duplechain*, 469 So.2d 472 (La.Ct.App.1985), *cert. denied*, 474 So.2d 1306 (La.1985); *Illinois Employers Ins. v. Dragovich*, 139 Mich.App. 502, 362 N.W.2d 767 (1984); *Garrison v. Fielding Reinsurance, Inc.*, 765 S.W.2d 536 (Tex.Ct.App.1989).

Further, in arriving at the decision in *Ross*, this court relied on *Taylor* which was a "based on" case, indicating that it considered the phrases to be interchangeable. *Ross*, 408 N.W.2d at 913. The Texas Court of Appeals, citing *Ross* in an "arising out of" case, called it a "difference without distinction." *Garrison*, 765 S.W.2d at 538.

The assault and battery clause unambiguously excludes coverage when a claim is causally related to an assault or battery. Every court that has considered a similar or identical clause agrees. One court considering identical language stated that to interpret it otherwise "would be to 'torture' it to create ambiguities where such do not exist." *Terra Nova Ins. Co. v. North Carolina Ted, Inc.*, 715 F.Supp. at 691. American Empire has the contractual right to limit the coverage it provides, and it has exercised that right by including this clause in the policy.

Roloff also contends that the reasonable expectations doctrine applies affording him coverage. However, because he did not raise this issue before the trial court, we

cannot consider it on appeal. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988).

*Affirmed.*