**SARA L. & Lynn L., as parents & natural guardians of L.S.L., a minor, Appellants,**

v.

**Robert B. BRODEN, et al., Respondents,**

and

**UNITED FIRE & CASUALTY COMPANY, Respondent,**

v.

**Robert BRODEN, Respondent,**

**S.D.L., et al., and S.D.L., judgment creditor, Appellants,**

v.

**Robert BRODEN, judgment debtor, Respondent,**

v.

**FARM BUREAU MUTUAL INSURANCE CO., judgment garnishee, United Fire & Casualty Company, Successor in interest to State Auto Farm Liability Insurance Co., judgment garnishee, Respondents.**

No. C0-93-371.

Court of Appeals of Minnesota.

Oct. 19, 1993.

Review Denied Dec. 14, 1993.

David L. Johnson, Fargo, ND, for Robert B. Broden, et al.

Leo F.J. Wilking, Nilles, Hansen & Davies, Ltd., Fargo, ND, for United Fire & Cas. Co.

Charles W. Reynolds, Odland, Fitzgerald & Reynolds, Crookston, for Farm Bureau Mut. Ins. Co., judgment garnishee.

Considered and decided by NORTON, P.J., and HUSPENI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Sara L. and Lynn L., as parents and natural guardians of L.S.L., a minor, and S.D.L. appeal from an order denying them leave to file supplemental complaints in their garnishment proceeding against respondents United Fire & Casualty Company, successor in interest to State Auto Farm Liability Insurance Co., and Farm Bureau Mutual Insurance Co. The district court determined that intent to cause injury in nonconsensual sexual contact cases is inferred as a matter of law, relieving United Fire and Farm Bureau of any duty to defend or indemnify the insured, respondent Robert B. Broden. We affirm.

## FACTS

Between 1967 and 1984, Broden engaged in a pattern of nonconsensual sexual contact with L.S.L. and S.D.L. Broden is the maternal grandfather of L.S.L. and S.D.L. During the period in which the sexual abuse occurred, Broden was insured by policies from Farm Bureau and State Auto Farm Liability Insurance Co. United Fire is successor in interest to State Auto.

Broden, a diagnosed and admitted pedophile, admitted his involvement to these acts. Judgment for S.D.L. was entered in March 1992 in the amount of $750,000 after a stipulation was accepted by the court. Judgment for L.S.L. was entered in May 1992 in the

amount of $400,000. Judgment was granted in accordance with the principles established in *Miller v. Shugart,* 316 N.W.2d 729 (Minn. 1982). A supplemental complaint was filed pursuant to Minn.Stat. § 571.75, subd. 4 (1992).

Both companies denied coverage based on the existence of intentional act exclusions in the policies, which excluded coverage for damages caused intentionally by the insured. L.S.L. and S.D.L. sought leave to file a supplemental complaint for the purpose of proving liability. Minn.Stat. § 571.75, subd. 4. The district court denied their motion, finding nonconsensual sexual conduct gives rise, as a matter of law, to an inference of intent to injure.

## ISSUE

Did the district court err in finding intent to cause injury as a matter of law and in refusing to allow L.S.L. and S.D.L. leave to file a supplemental complaint?

## ANALYSIS

■ Denial of leave to file a supplemental complaint is appealable under Minn.R.Civ. App.P. 103.03(e) and (g). *Johnson Motor Co. v. Cue,* 352 N.W.2d 114, 115–16 (Minn.App. 1984), *pet. for rev. denied* (Minn. Oct. 11, 1984). Whether United Fire and Farm Bureau are liable as garnishees depends on the language of the insurance policies. *Roloff v. Taste of Minnesota,* 488 N.W.2d 325, 326 (Minn.App.1992), *pet. for rev. denied* (Oct. 20, 1992). Interpretation of insurance policies is a question of law that we review de novo. *Id.* (citing *Trondson v. Janikula,* 458 N.W.2d 679, 681 (Minn.1990)).

■ L.S.L. and S.D.L. contend the district court erred in finding intent to cause injury as a matter of law and in refusing to allow them leave to file a supplemental complaint. We disagree. In Minnesota, intent to cause injury will be inferred as a matter of law in nonconsensual sexual contact cases. *State Farm Fire & Cas. Co. v. Williams,* 355 N.W.2d 421, 424 (Minn.1984); *Estate of Lehmann v. Metzger,* 355 N.W.2d 425, 426 (Minn.1984); *Horace Mann Ins. Co. v. Independent School Dist. No. 656,* 355 N.W.2d 413, 416 (Minn.1984); *Fireman's Fund Ins. Co. v. Hill,* 314 N.W.2d 834, 835 (Minn.1982); *Illinois Farmers Ins. Co. v. Judith G.,* 379 N.W.2d 638, 641 (Minn.App.1986), *pet. for rev. denied* (Minn. Mar. 21, 1986). We will not consider the subjective intent of the offender in such cases, even where the parties stipulated that the insured did not intend to inflict bodily injury or mental suffering. *Williams,* 355 N.W.2d at 423–24.

■ L.S.L. and S.D.L. urge this court to create an exception to this rule, arguing that pedophiles do not intend to cause injury to their victims. We decline to create such an exception. This case is indistinguishable from *Metzger* and *Hill,* where the offenders were the victims' uncle and foster parent, respectively. *Metzger,* 355 N.W.2d at 426; *Hill,* 314 N.W.2d at 835. That the offender is an admitted pedophile does not alter our analysis.

In so holding, we reject L.S.L. and S.D.L.'s argument that pedophilia is a mental illness that precludes a finding of intent. Further, we find their invocation of public policy does not justify reversal.

United Fire and Farm Bureau have moved to strike portions of L.S.L. and S.D.L's reply brief, which they contend are not part of the record on appeal. Because of our disposition of this matter, we do not reach this issue.

## DECISION

The district court properly inferred intent to cause injury as a matter of law and properly denied L.S.L. and S.D.L's motion for leave to file a supplemental complaint.

**Affirmed.**