*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0970**

Christine Dittel,
Appellant,

vs.

Farmers Insurance Exchange,
Respondent.

**Filed December 28, 2015
Affirmed
Larkin, Judge**

Washington County District Court
File No. 82-CV-14-2973

Joseph J. Osterbauer, Christina M. Kath, Osterbauer Law Firm, Minneapolis, Minnesota
(for appellant)

James P. Ashley, Briana Gornick, Law Offices of Godfrey & Ashley, St. Paul, Minnesota
(for respondent)

Considered and decided by Larkin, Presiding Judge; Worke, Judge; and Bjorkman, Judge.

# UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the district court's summary-judgment dismissal of her lawsuit against respondent insurer, in which appellant attempted to collect a judgment against

respondent's insured from respondent. Appellant argues that the district court erroneously concluded that coverage was precluded under an intentional-act exclusion in respondent's policy. We affirm.

**FACTS**

In June 2009, appellant Christine Dittel sued Woody's Bar and Grill, Jeff Fusco, Bradley Smith, and Cary Jay Anderson for injuries Dittel sustained at Woody's. Dittel asserted two causes of action in her complaint. First, Dittel alleged that Woody's, Fusco, and Smith violated Minn. Stat. § 340A.502 by "illegally [selling] and barter[ing] intoxicating liquor" to Anderson when he was "obviously intoxicated" and that Anderson "caused harmful contact with [her]." The complaint describes Anderson's actions as a "battery." Second, Dittel incorporated the allegations from the first cause of action and further alleged that Anderson "intended to cause and did cause a harmful contact with [her] person" and that she did not consent to Anderson's act. Specifically, the complaint alleges that Dittel approached Anderson outside Woody's and that Anderson "grabbed her arm with both hands," "lifted her up," and "flipped her over onto the ground."

Anderson was insured under a homeowner's insurance policy issued by respondent Farmers Insurance Exchange. Farmers investigated the incident and denied Anderson coverage.

Dittel and Anderson entered into a "Stipulation for Entry of Judgment," under which Anderson agreed to entry of a $100,000 judgment against him, and Dittel agreed that she would only seek to satisfy the judgment from Farmers. Farmers was not a party to the

2

stipulation. In March 2011, the district court entered judgment against Anderson pursuant to the stipulation. Judgment was not entered against Farmers.

In November 2012, Dittel's attorney filed an "Affidavit of Identification of Judgment Debtor" under Minn. Stat. § 548.09, subd. 2 (2012), naming Farmers as a judgment debtor under the March 2011 judgment. Farmers objected, noting that it was never a party to the underlying lawsuit. In January 2013, the district court informed Dittel and Farmers that there was no basis to declare Farmers a judgment debtor.

In May 2013, Dittel sued Farmers, seeking to collect the March 2011 judgment against Anderson from Farmers. Farmers moved for summary judgment, and the district court granted Farmers' motion. The district court concluded that coverage was not available based on an intentional-act exclusion in Farmers' policy and that Dittel therefore has no basis to collect her judgment against Anderson from Farmers. The district court noted that Dittel "pled only an intentional tort against [Anderson]," that there was "no allegation of negligence," that the stipulation "was based solely upon the settlement of an intentional tort," and that Dittel "could have pled negligence against Mr. Anderson, but chose not to make that claim." Dittel appeals.

## D E C I S I O N

Summary judgment "shall be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that either party is entitled to a judgment as a matter of law." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn. 1993). Appellate courts "review a district court's summary judgment decision de novo. In doing so, we determine whether

3

the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010) (citation omitted). "On appeal, the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio*, 504 N.W.2d at 761.

Dittel challenges the district court's summary dismissal of her lawsuit against Farmers, arguing that "[t]he district court's finding that the complaint and settlement agreement were solely based on an intentional tort is incorrect" and that Farmers is obligated to provide coverage for Anderson. Whether an insurance policy provides coverage in a particular situation is a question of law that appellate courts review de novo. *Eng'g & Constr. Innovations, Inc. v. L.H. Bolduc Co.*, 825 N.W.2d 695, 704 (Minn. 2013). An insurance policy's coverage exclusions are construed strictly against the insurer. *Thommes v. Milwaukee Ins. Co.*, 641 N.W.2d 877, 880 (Minn. 2002). The insurer generally bears the burden of proving that policy exclusions apply to bar coverage. *Indep. Sch. Dist. No. 197 v. Accident & Cas. Ins. of Winterthur*, 525 N.W.2d 600, 608 (Minn. App. 1995), *review denied* (Minn. Apr. 27, 1995). When determining whether there is coverage under a policy, appellate courts "compare the allegations in the *complaint* in the underlying action with the relevant language in the *insurance policy*." *Meadowbrook, Inc. v. Tower Ins. Co.*, 559 N.W.2d 411, 415 (Minn. 1997).

Farmers' policy requires Farmers to "pay those damages which an insured becomes legally obligated to pay because of bodily injury . . . resulting from an occurrence to which this coverage applies." But the policy also provides that Farmers does not provide coverage

4

for damages stemming from bodily injury that is either "caused intentionally by or at the direction of an insured" or "results from any occurrence caused by an intentional act of any insured where the results are reasonably foreseeable." The policy defines "occurrence" as "an accident including exposure to conditions which results during the policy period in bodily injury or property damage."

"[T]he law in Minnesota is well-settled: an intentional act exclusion applies only where the insured acts with the specific intent to cause bodily injury." *State Farm Fire & Cas. Co. v. Wicka*, 474 N.W.2d 324, 329 (Minn. 1991). An insurer may establish intent to injure, and therefore lack of coverage, in two ways. *Ram Mut. Ins. Co. v. Meyer*, 768 N.W.2d 399, 403 (Minn. App. 2009), *review denied* (Minn. Oct. 20, 2009). An insurer may offer proof of actual intent to injure, or intent to injure may be inferred as a matter of law. *Id.* As a general rule, "intent is inferred as a matter of law when the nature and circumstances of the insured's act are such that harm is substantially certain to result." *Id.* at 403-04 (quotation omitted).

Dittel's first cause of action asserts that she suffered injuries "[a]s a direct result of [an] illegal sale and barter to . . . Anderson, and the consequent battery described above." Battery is an intentional tort. *See Johnson v. Morris*, 453 N.W.2d 31, 40 (Minn. 1990) (stating that the "two operative elements" of battery are "intent and offensive contact"); *Paradise v. City of Minneapolis*, 297 N.W.2d 152, 155 (Minn. 1980) ("A battery is defined as an intentional unpermitted offensive contact with another." (Footnote omitted.)). Similarly, Dittel's second cause of action alleges that Anderson "intended to cause and did cause a harmful contact with [Dittel's] person."

5

Dittel contends that the first cause of action "raised a claim that is arguably within the scope of the insurance coverage" because it "alleged that Mr. Anderson caused harmful contact, but did not allege any intent on the part of Mr. Anderson to cause harmful contact." However, the nature and circumstances of Anderson's acts, as described in the complaint, are such that intent to injure can be inferred as a matter of law. *See Wicka*, 474 N.W.2d at 329 (stating that an inference of intent "arises when the nature and circumstances of the insured's act were such that harm was substantially certain to result"). Thus, the factual assertions in Dittel's complaint, as well as the identified legal theories, lead to one conclusion: Anderson intentionally caused Dittel's injuries and coverage is therefore barred under Farmers' intentional-act exclusion. *See Farmers Union Oil Co. v. Mut. Serv. Ins. Co.*, 422 N.W.2d 530, 533 (Minn. App. 1988) ("Supreme Court decisions establish that the nature of the cause of action is separately determined to decide if it constitutes an insured occurrence, independent of the way the claim is characterized in the underlying lawsuit."); *Ross v. City of Minneapolis*, 408 N.W.2d 910, 912-13 (Minn. App. 1987) (concluding that even though the underlying complaint alleged negligence, coverage was not available because the claim was "causally connected" to intentional conduct), *review denied* (Minn. Sept. 23, 1987).

Dittel notes that her stipulation with Anderson "was not solely based on an intentional act" because it discharged Anderson from his liability "for negligence or any other liability." The stipulation's reference to a hypothetical negligence claim is immaterial. The gravamen of Dittel's complaint is that Anderson intentionally caused her

6

injuries.  Farmers' policy excludes coverage for damages stemming from such injuries. We therefore affirm summary judgment.

**Affirmed.**