# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4000

_____

Travelers Property Casualty Company of America,

*Plaintiff - Appellee,*

v.

Christopher A. Klick; Rainy River Marina, Inc.,

*Defendants - Appellants.*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 10, 2017
Filed: August 14, 2017

_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Christopher Klick was seriously injured after suffering carbon monoxide poisoning while aboard a friend's fishing boat. Klick sued the boat dealer in state court. The dealer had an insurance policy from Travelers Property Casualty Company of America that required Travelers to pay for liabilities resulting from bodily injury. The policy, however, had a pollution exclusion providing that the policy did not cover

liability for injuries arising out of the release, dispersal, or migration of certain pollutants. Travelers sued in federal court, seeking a declaration that the policy did not cover liability for Klick's injuries. The district court[1] granted summary judgment for Travelers. We conclude that the pollution exclusion applies, and we therefore affirm.

Klick and his two friends, Lonnie Norberg and Jeffrey Wheeler, were fishing aboard Norberg's 25-foot fishing boat on Lake of the Woods in northern Minnesota. According to Klick, Choice Financial Group and Rainy River Marina, Inc., sold Norberg the boat a few weeks earlier. Norberg was at the helm of the boat as the men returned to shore. The helm was near the front of the boat in the wheelhouse, a roofed area with walls or windows to the front, left, and right. The back of the wheelhouse was open. The boat's engine was housed in an enclosed compartment beneath the wheelhouse.

Norberg and Klick noticed that the engine was not operating properly. Klick took the helm and Norberg opened the hatch of the engine compartment to check the engine. Unbeknownst to Klick and Norberg, an exhaust pipe had broken off at the spot where it connected with the engine. As a result, the engine had been expelling carbon monoxide gas into the engine compartment rather than through the exhaust pipe and out behind the boat.

When Norberg opened the engine compartment hatch from within the wheelhouse, carbon monoxide flowed up into the wheelhouse. Klick quickly lost consciousness and fell into the engine compartment. He awoke there several hours later, severely burned from lying on the engine. He also suffered brain damage from the carbon monoxide. The gas killed Norberg and Wheeler, but Klick survived.

---

[1] The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Klick sued Rainy River and Choice in state court, seeking damages for injuries from the accident. Rainy River held a marine general liability insurance policy from Travelers at the time of the accident. The policy required Travelers to pay damages resulting from bodily injury. The policy, however, included a pollution exclusion stating that Travelers had no obligation to pay for "[a]ny liability . . . arising out of the actual . . . seepage, discharge, dispersal, disposal or dumping, release, migration, emission, spillage, escape, or leakage of 'pollutants' into . . . atmosphere."

Travelers then sued Klick, Rainy River, and Choice in the district court, seeking a declaration that the policy did not cover Klick's injuries because of the pollution exclusion. The district court granted summary judgment for Travelers, concluding that Klick's injuries arose out of the release of a pollutant into atmosphere.

Our jurisdiction in this case is based on diversity of citizenship, and the parties agree that Minnesota law applies. Under Minnesota law, a provision in an insurance policy is "to be interpreted according to both plain, ordinary sense and what a reasonable person in the position of the insured would have understood the words to mean." *Farmers Home Mut. Ins. Co. v. Lill*, 332 N.W.2d 635, 637 (Minn. 1983) (internal quotations omitted). Because most insurance policies are preprinted forms drafted by insurance companies, Minnesota courts construe an insurance policy's words of inclusion broadly and words of exclusion narrowly. *Gen. Cas. Co. of Wis. v. Wozniak Travel, Inc.*, 762 N.W.2d 572, 575 (Minn. 2009). "An insurer has the burden of proving that a policy exclusion applies." *Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.*, 383 N.W.2d 645, 652 (Minn. 1986).

The policy's pollution exclusion provides that Travelers does not cover liability for injuries "arising out of" the movement of pollutants into "atmosphere." The parties agree that carbon monoxide is a "pollutant" under the exclusion. *See Midwest Family Mut. Ins. Co. v. Wolters*, 831 N.W.2d 628, 637 (Minn. 2013). Klick argues,

however, that his injuries did not arise out of the release, dispersal, or migration of carbon monoxide into "atmosphere," and that the exclusion therefore does not apply.

Klick first posits that the engine compartment did not contain "atmosphere." He then reasons that his injuries arose out of the engine's initial "release" of carbon monoxide into the engine compartment, not the subsequent movement of the gas from the engine compartment into the wheelhouse.

Assuming for the sake of analysis that Klick is correct that the engine compartment did not contain "atmosphere," Klick's injuries did not arise only out of the release of carbon monoxide into the engine compartment. The movement of the carbon monoxide from the engine compartment into the wheelhouse was also a "release," "dispersal," or "migration" of a pollutant. The pollution exclusion is not limited to liability arising out of an *initial* "release" of pollutant or a "dispersal" or "migration" of the pollutant from an *original* source.

Klick argues next that the boat dealer's liability would not be "arising out of" a release, dispersal, or migration of a pollutant into the wheelhouse, because his injuries arose out of the release of carbon monoxide into the engine compartment. Under Minnesota insurance law, the phrase "arising out of" means "'causally connected with' and not 'proximately caused by.'" *Meadowbrook, Inc. v. Tower Ins. Co.*, 559 N.W.2d 411, 419 (Minn. 1997) (quoting *Faber v. Roelofs*, 250 N.W.2d 817, 822 (Minn. 1977)). The release of the carbon monoxide into the wheelhouse is causally connected to Klick's injuries: it caused him to lose consciousness and fall into the engine compartment, where Klick suffered most of his injuries. That the release of carbon monoxide from the engine into the engine compartment was also a cause of Klick's injuries does not make the exclusion inapplicable, for an injury can arise out of multiple causes with varying degrees of proximity to the injury. The pollution exclusion applies where, as here, a release, dispersal, or migration of a pollutant into atmosphere was causally connected with the injury.

-4-

Klick contends finally that even if the boat dealer's liability would arise out of the release of carbon monoxide into the wheelhouse, the wheelhouse did not contain "atmosphere." In *Board of Regents of the University of Minnesota v. Royal Insurance Co. of America*, 517 N.W.2d 888, 892-93 (Minn. 1994), the Minnesota Supreme Court concluded that the word "atmosphere," as used in a pollution exclusion, meant "ambient air." The court thus held that a pollution exclusion similar to the one at issue here did not exclude coverage for injuries resulting from asbestos fibers being released into the air within a building. *Id.* at 893. In reaching this conclusion, the court juxtaposed "ambient air" in its "natural setting" (atmosphere) with the air in the "controlled environment" of a building's interior (not atmosphere). *Id.*

The wheelhouse where Klick was exposed to a pollutant was not a "controlled environment." The back of the wheelhouse was wide open, and air readily flowed to and from the surrounding environment. A person standing in the wheelhouse was exposed to ambient air. A reasonable person in the position of the insured thus would have understood that a person in the wheelhouse is in "atmosphere."

The undisputed facts show that the insured boat dealer's liability for Klick's injuries would arise out of the release, dispersal, or migration of a pollutant into atmosphere. The pollution exclusion therefore applies, and Travelers is entitled to a declaratory judgment in its favor. The judgment of the district court is affirmed.

———————————————————