468 So.2d 587 (1985)
Kent C. KIEFER
v.
Scott WHITTAKER, New Orleans East Social Club, St. Paul Surplus Lines, Inc. and Manchester Life Insurance Company.
No. C 3332.
Court of Appeal of Louisiana, Fourth Circuit.
March 26, 1985.
Writ Denied May 24, 1985.
Thomas E. Loehn, Thomas W. Lewis, New Orleans, for relator.
Russ Herman, Richard M. Goldman, New Orleans, for respondent.
Before SCHOTT, GARRISON and WILLIAMS, JJ.
SCHOTT, Judge.
We granted certiorari in this case following the trial judge's denial of defendant's motion for summary judgment. The issue is whether the insurance policy issued by defendant, St. Paul Surplus Lines Insurance Company, provides coverage for the injuries suffered by plaintiff.
Plaintiff's suit stems from an incident that occurred following the Elks Krewe of Orleanians Mardi Gras Parade on March 3, 1981. Plaintiff and defendant, Scott Whittaker, were riders aboard a truck-float in the parade when a minor altercation took place between the two. Plaintiff does not allege any injuries resulted from this initial confrontation. However, when the float reached its disembarking point at the end of the route, plaintiff and Whittaker again began exchanging words. To avoid being seen by other riders on the float, the two walked around the corner where the alleged assault and battery took place that resulted in plaintiff's injuries.
St. Paul Surplus Lines Insurance Company was named a defendant as the insurer of New Orleans East Social Club, the organization *588 responsible for participation by its members in the Elks Krewe of Orleanians Parade. Paragraph four of the "Special Provisions Endorsement" to the policy provides:
"4. It is agreed that the insurance does not apply to bodily injury or property damage arising out of assault & battery whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person."
St. Paul, relying on the exclusion quoted above, moved for summary judgment which was denied by the trial judge. Since St. Paul could not appeal from the court's refusal to render summary judgment, LSA-C.C.P. Art. 968, its only available remedy was to apply for a writ of certiorari.
In Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) the court granted a writ from a judgment overruling a peremptory exception of no cause of action. The same rationale applies to the trial court's refusal to render summary judgment in this case. Since there is no dispute of fact to be resolved and because reversal of the judgment denying St. Paul's motion for summary judgment will terminate the litigation as to that defendant, judicial efficiency and fundamental fairness to the litigants dictate that the merits of the application for supervisory writs be decided to avoid the waste of time and expense of a possibly useless future trial on the merits as it affects this defendant. See Herlitz, supra, and Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978).
In this case the language in the policy clearly and unambiguously spells out that no coverage will be afforded for bodily injuries arising out of assault and battery. Therefore, because the pleadings and depositions show that plaintiff's injuries resulted from a beating at the hands of Whittaker, St. Paul is entitled to summary judgment.
In addition to allegations of assault and battery by Whittaker, plaintiff also alleges that New Orleans East Social Club, acting through its respective officers, is liable for various acts of negligence. Even if any negligence of the organization somehow led up to the assault, the injuries plaintiff suffered nevertheless arose out of an assault and battery. Therefore, there is no coverage in this instance either.
Accordingly, the judgment of the trial court is reversed and St. Paul's motion for summary judgment is granted. There is judgment in favor of defendant, St. Paul Surplus Lines Insurance Company, and against plaintiff, Kent C. Kiefer, dismissing his suit against St. Paul at his cost.
REVERSED AND RENDERED.