469 So.2d 472 (1985)
L.J. TAYLOR, Plaintiff-Appellant,
v.
Jackie DUPLECHAIN, et al., Defendants-Appellees.
No. 84-437.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*473 Boagni, Genovese and Hebert, Donald W. Hebert, Opelousas, for plaintiff-appellant.
Voorhies and Labbe, Kathleen F. Drew, Lafayette, J. Burton Willis, St. Martinville, Dubuisson and Dubuisson, Edward B. Dubuisson, Opelousas, for defendants-appellees.
Before STOKER, LABORDE and KING, JJ.
LABORDE, Judge.
Plaintiff L.J. Taylor appeals from a summary judgment dismissing defendant Jefferson Insurance Company (Jefferson) from plaintiff's suit for personal injuries. We affirm.
On September 19, 1982, plaintiff was involved in a fight with Jackie Duplechain at Ray's Lounge in St. Landry Parish. Plaintiff and Duplechain were drinking in the bar, and Ray Knotts was the bartender at the time of the incident. Plaintiff was injured, and he subsequently filed suit against Duplechain, The Travelers Insurance Company as Duplechain's insurer, Ray Knotts individually, and Jefferson as the insurer of Judy Knotts d/b/a Ray's Lounge.
After timely answering plaintiff's petition, Jefferson filed a motion for summary judgment. Jefferson contended that its coverage of Ray's Lounge does not extend to incidents such as that from which plaintiff allegedly suffered harm. The trial judge granted Jefferson's motion, and entered summary judgment dismissing Jefferson from plaintiff's suit.
Plaintiff perfected this appeal. We do not consider the merits of plaintiff's case in this opinion, nor does this opinion concern any defendant other than Jefferson. The only issue before this court is whether Jefferson was properly dismissed as defendant in plaintiff's suit by summary judgment.
A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.Proc. art. 966. In this instance, the material facts are found in plaintiff's petition and in the insurance policy issued by Jefferson to cover Ray's Lounge. Cf. CBM Engineers v. Transcontinental Ins. Co., 460 So.2d 745, 748 (La.App. 3d Cir. 1984) (affirming summary judgment finding insurer liable for wrongful failure to defend).
In this case, if Jefferson is liable at all, it is liable as the insurer of the lounge. See La.Rev.Stat. 22:655. Therefore, its potential liability is defined by the policy terms that govern its coverage of occurrences for which Ray's Lounge may be held liable. See id. An occurrence covered by the Jefferson policy is defined in the policy as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (emphasis added). An endorsement to the Jefferson policy, in full force and effect at the time plaintiff was injured, provides:
"It is hereby understood and agreed that no coverage shall apply under this policy for any claim, demand or suit based on assault and battery, provoked or unprovoked, and assault and battery shall not be deemed an accident, whether or not committed by or at the direction of the insured."
(emphasis added).
Plaintiff's petition clearly alleges that he suffered injury as a result of a battery *474 administered by Duplechain. The allegations against Ray Knotts, bartender for Jefferson's insured, allege in sum that Knotts acted negligently both by taking action that tended to cause Duplechain and plaintiff to fight and also by not taking action to prevent or to end the fight. Nonetheless, plaintiff's petition is clear as to one basic fact: the occurrence at Ray's Lounge that caused plaintiff's alleged injuries was plaintiff's altercation with Duplechain. No defendant disputes the basic fact that plaintiff's compensable injuries (if any) resulted from blows exchanged during his fight with Duplechain.
Liability on the part of Jefferson's insured that may result from a battery on the premises of Ray's Lounge falls squarely under the above-quoted assault and battery exclusion endorsement. The effect of the endorsement is clear: there is simply no coverage for the insured's potential liability resulting from an occurrence of batterywhether the battery is by an employee or representative of Ray's or instead by a bar patron, whether or not the insured or any agent of the insured is involved in the battery in any capacity, and irregardless of the theory or theories of law that the tort claimant advances in a potential action against Jefferson's insured. The language of the policy is unambiguous, the intent of the contracting parties is clear: liability of the insured for batteries at Ray's is not covered. See La. Civ.Code art. 1945.[1] If the insurer is not obligated to indemnify the insured for any judgment against the insured that might result from an action against the insured by plaintiff, then it follows that plaintiff cannot directly sue the insurer.
The dismissal of Jefferson by summary judgment is proper. We note, as did the trial judge, that the question of potential liability on the part of the bar owner or any named defendant is not involved in the dismissal of Jefferson. As stated by the trial judge, the dismissal of Jefferson is "not because of nonliability of the bar owner-defendant,[2] but because of noncoverage." (footnote added).
Based on the above reasons, the judgment of the trial court is affirmed, at appellant L.J. Taylor's cost.
AFFIRMED.
NOTES
[1] Under the obligations revision of the Civil Code effective January 1, 1985, see articles 2045 and 2046.
[2] Ray's Lounge, or Judy Knotts d/b/a Ray's Lounge, is not a named defendant in the present action. Instead, plaintiff filed suit against the insurer of Ray's Lounge by direct action under Louisiana Revised Statute 22:655, and today we dismiss that insurer as party defendant. Plaintiff exercised his right to sue Jefferson directly without naming Jefferson's insured as party defendant. The dismissal of Jefferson does not operate to place Jefferson's insured in Jefferson's former position as party defendant. If Jefferson's insured can now legally be joined to this suit (which is an issue that we do not consider), then it is the responsibility of any party that desires that joinder to take appropriate action to effectuate that joinder.