488 So.2d 350 (1986)
David L. GASPARD, Plaintiff-Appellant,
v.
JEFFERSON INSURANCE COMPANY OF NEW YORK, Defendant-Appellee.
No. 85-484.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
*351 Jones, Jones & Alexander, Michael H. Bercier, Cameron, for plaintiff-appellant.
Woodley, Barnett, Williams, Fenet, Palmer & Pitre, Terry Thibodeaux, Lake Charles, for defendant-appellee.
Before DOMENGEAUX and YELVERTON, JJ., and JACKSON, Judge Pro Tem.[*]
DOMENGEAUX, Judge.
This is a suit by an injured bar patron, David Gaspard, against the bar owner's liability insurer, Jefferson Insurance Company of New York (Jefferson). After having answered the plaintiff's petition in the court below, Jefferson moved the trial court for a summary judgment on the issue of insurance coverage. The motion was denied. The case was tried to a civil jury which returned a verdict in favor of the defendant. The plaintiff appealed.
The facts necessary to our decision on appeal are few and the factual disputes between the parties are mainly irrelevant. On January 29, 1983, and in the company of a friend, David Gaspard entered a nightclub owned and operated by the defendant's insured, Russell Senat d/b/a Oscar's Downtown. Although Mr. Gaspard was highly intoxicated by the time he arrived at Oscar's Downtown, he was served more alcohol at that establishment. Sometime after 10:00 o'clock P.M., Mr. Gaspard became involved in an altercation with another bar patron, Paul Dale Roberts. Employees of Oscar's Downtown intervened and no further blows were struck inside the club. The police were not summoned, despite a policy to the contrary, but Mr. Gaspard was escorted to the rear door of the building.
Mr. Roberts left Oscar's Downtown via the front door. He proceeded to his vehicle and retrieved a baseball bat from under the back seat. Roberts then headed around the side of the club in search of Mr. Gaspard. When he found Mr. Gaspard, Roberts beat him severely with the bat.
David Gaspard awoke from a coma three weeks later. He had suffered multiple fractures of his ribs, skull and arm fractures, a dislocation of a finger, and a lung infection. The plaintiff's medical witness testified that the plaintiff's seizure disorder caused by the battery was permanent and would prevent him from returning to his former occupation as a roofer/truck driver.
The appellant alleges (1) that the special interrogatories submitted to the jury were erroneous, and (2) that the verdict is contrary to the law and the evidence. The defending insurance company counters the appellant's assignments of error by arguing that even if those specifications were meritorious, the defendant would still be *352 entitled to judgment because the insurance coverage held by the bar owner did not extend to the injuries suffered by the plaintiff-appellant. For reasons hereinafter assigned, we hold the insurance policy at issue excluded coverage for the type of injury occuring to the appellant and affirm the district court's judgment.
Assuming without deciding that the appellant is entitled to the relief he seeks, he is nevertheless barred from recovery against the insurance company because of an express exclusion in the bar owner's policy. We recognize this issue was before the trial court on a motion for summary judgment which was denied. However, we have the authority to consider the issue ourselves.
Article 2133 of the Code of Civil Procedure provides that "[a]n appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant." Further, our Supreme Court has said:
"... we agree with the Third Circuit that C.C.P. arts. 2083 and 2133 were not designed to require a successful party to insure his judgment below by appealing every adverse ruling on an interlocutory order simply because the appellate court may overturn the trial court's final decision in his favor on the merits."
Bond v. Commercial Union Assurance Company, 407 So.2d 401 (La.1981).
In the case before us, the defendant-appellee was the successful party in the court below. Even though the trial judge denied the defendant's motion for summary judgment on the issue of insurance coverage, such denial was interlocutory in nature, McGrew v. State Farm Mutual Automobile Insurance Company, 291 So.2d 479 (La.App. 2nd Cir.1974), and no appeal lies therefrom. La.C.C.P. Art. 968. We hold the above-cited reasoning in Bond, supra, grants this Court the authority to dispose of this appeal on the issue of policy coverage.
As to the merits of Jefferson's claim that it did not insure the bar owner against the injuries suffered by the appellant, we refer to our own case of Taylor v. Duplechain, 469 So.2d 472 (La.App. 3rd Cir.1985), writ denied, 474 So.2d 1306 (La.1985). That case involved a suit by a bar patron against Jefferson Insurance Company of New York, among others, for injuries sustained when the plaintiff became embroiled in a fight with another patron. Jefferson moved the court for summary judgment based on an endorsement to the insurance policy excluding coverage for claims arising from an assault and battery. We affirmed the trial court's granting of the motion for summary judgment, stating:
"Liability on the part of Jefferson's insured that may result from a battery on the premises of [the lounge] falls squarely under the above-quoted assault and battery exclusion endorsement. The effect of the endorsement is clear: there is simply no coverage for the insured's potential liability resulting from an occurrence of batterywhether the battery is by an employee or representative of [the lounge] or instead by a bar patron, whether or not the insured or any agent of the insured is involved in the battery in any capacity, and irregardless of the theory or theories of law that the tort claimant advances in a potential action against Jefferson's insured. The language of the policy is unambiguous, the intent of the contracting parties is clear: liability of the insured for batteries at [the lounge] is not covered. See La.Civ. Code art. 19451. If the insurer is not obligated to indemnify the insured for any judgment against the insured that might result from an action against the insured by plaintiff, then it follows that plaintiff cannot directly sue the insurer."
* * * * * *
"1 Under the obligations revision of the Civil Code effective January 1, 1985, see articles 2045 and 2046."
Taylor v. Duplechain, supra.
Taylor is dispositive of the case before us. The plaintiff-appellant seeks damages against Jefferson for injuries sustained during a battery. The policy covering *353 Jefferson's insured included an endorsement identical to the one at issue in Taylor. Therefore, we find that the plaintiff is barred from recovering from Jefferson and so affirm the district court judgment in favor of the defendant.
For the above and foregoing reasons the judgment of the district court is affirmed. All costs to be borne by the appellant.
AFFIRMED.
NOTES
[*] Judge Robert P. Jackson of the Ninth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.