ON MOTION TO DISMISS
ARMSTRONG, Judge.
Appellant, Thomas A. Edmonds sued his employer Boh Bros. Construction Co. (Boh Bros.) and appellee Electro-Coal Transfer Corp. (Electro-Coal) for injuries sustained when he fell from position on a barge owned by Electro-Coal. We earlier affirmed a lower court judgment which granted Boh Bros, its motion for Summary Judgment, thereby leaving Electro-Coal as a defendant in the case. Edmonds v. Boh Bros. Const. Co. Inc., 502 So.2d 1137 (La.App. 4th Cir.1987)
On June 26,1986 the trial court rendered a judgment in the instant case which in-eluded rulings on the admissibility of certain evidence, the denial of plaintiff’s Motion for Partial Summary Judgment, and the granting of Electro-Coal’s Exception of No Cause of Action for Punitive Damages. Plaintiff appealed.
Appellee filed a motion to dismiss the appeal alleging that the rulings appellant seeks to have this court review do not constitute a final judgment, and as such are not appealable. Appellant responds that these issues are indeed properly ap-pealable but requests in the alternative that if this court should find that his appeal is not proper that the trial court’s ruling on these motions be handled as an application for supervisory writs.
LSA-C.C.P. art. 1841 provides as follows: Art. 1841. Judgments, interlocutory and final
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
Thus, we hold that the rulings by the trial court concerning the admissibility of evidence is an interlocutory judgment. No appeal lies from this judgment. Furthermore, viewing the matter as an application for writs we would deny writs, since the appellant has failed to show how irreparable injury will result from the judgment on these issues. LSA-C.C.P. art. 2083, Kiefer v, Whittaker, 468 So.2d 587 (La.App. 4th Cir.1985). Nor do we find that judicial economy and fundamental fairness justify granting writs in this instance. Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir.1978).
We also hold that no appeal lies from the court’s refusal to render partial summary judgment. LSA-C.C.P. art. 968. Moreover, the appellant has failed to show irreparable injury which would warrant the *226 granting of writs in this case. C.C.P. arts. 1841, 2083 Kiefer, supra, Mangin, supra.
The ruling by the trial court which granted the exception of no cause of action for punitive damages is a final judgment and is therefore appealable. C.C.P. arts. 1841, 927. Hence, the motion to dismiss appellant’s appeal with regard to this exception is denied.
We therefore conclude that the judgments of the trial court concerning the admissibility of evidence and the denial of partial summary judgment are interlocutory and therefore not appealable. Since there is no showing of irreparable injury, the motion of appellee is granted and the appeal of Thomas A. Edmunds is dismissed with regard to these issues at his cost.
We further conclude that the judgment of the trial court which granted appellee’s exception of no cause of action for punitive damages is a final judgment and is therefore appealable.
MOTION TO DISMISS APPEAL DENIED IN PART.
MOTION TO DISMISS APPEAL GRANTED IN PART.