SCHOTT, Chief Judge,
dissenting:
The accident occurred on April 29, 1988. Plaintiff’s daughter was a passenger in a truck owned by El Sol, Inc. and driven by its employee, Zeron. Relator’s policy was issued on January 21, 1988 and it contained an “Occupant Hazard Excluded” endorsement excluding coverage for bodily injury or death sustained by a person occupying the vehicle.
The trial judge denied relator’s motion for summary judgment for two reasons: first, because there was an issue of fact as to whether the driver, Zeron, knew that non employees were not allowed to ride in company trucks; and, second, because the application for the policy on relator’s form, completed on January 21, 1988 contained the following language:
“... I also agree that if a policy is issued pursuant to this application, the application and any restrictive and/or Exclusion Endorsement Text, which is included on the application and signed by me, shall become a part of the policy....”
The trial judge reasoned that this language on the application raised the question of whether the Occupant Hazard Excluded endorsement applied to the facts of the case.
Whether Zeron knew about the alleged company policy against passengers may be an issue of fact, but it is not an issue as to material fact such as to preclude summary judgment. C.C.P. art. 966. Whether El Sol had such a policy or not and if so whether it made its employees aware of the policy or not has no bearing on the question of insurance coverage in this case. The policy clearly excludes the coverage regardless of the company’s policy.
As to the language in the application this simply states that any exclusion in the application must be in the policy; it does not require that all conditions and exclusions in the policy must be in the application. The application in no way purports to be the policy stating at one point in bold print, “The Following Information Necessary If Applicant To Be Accepted” and stating in the portion of the application quoted above, “I also agree that if a policy is issued ... ”. Stamped on the application is the caveat, “This Is Not A Binder.” Consequently, the application is just that and no more. It does not purport to contain all the conditions of the policy and it cannot be construed to prevent the insurer, if it issues a policy, from including such exclusions that are not prohibited by law.
Although not the basis for the trial court’s judgment, respondents contend that summary judgment is inappropriate because El Sol and its insurance agent did not intend to be a party to an insurance contract which did not insure a passenger in an El Sol truck. El Sol and its agent had this policy over three months before the accident. The disputed endorsement is prominent and clear. I know of no law which conditions the efficacy of a policy exclusion on the knowledge of the exclusion by the insured or the intent of the *729 insured not to have the exclusion in the contract. If this were so an insured could broaden coverage and avoid exclusions by the simple expedient of failing to examine the policy upon delivery and pleading ignorance of its contents.
As in Kiefer v. Whittaker, 468 So.2d 587 (La.App. 4th Cir.1985), writ denied 469 So.2d 979 relator is entitled to a summary judgment because there is no issue of material fact and the language of the policy clearly and unambiguously precludes coverage as to this claim.
I respectfully submit that relator’s motion for summary judgment should be granted.