597 So.2d 1247 (1992)
Ladonna Gayle WALLACE, Plaintiff-Appellant,
v.
Erick Todd HUBER & M & M Entertainment, Inc., Defendants-Appellees.
No. 90-1086.
Court of Appeal of Louisiana, Third Circuit.
April 16, 1992.
*1248 Leonard Knapp, Jr., Lake Charles, for plaintiff-appellant.
Brame, Bergstedt & Brame, Joe Brame, Raggio, Cappel, Chozen & Berniard, Frederick Cappel, Lake Charles, for defendants-appellees.
Before DOUCET and KNOLL, JJ., and COREIL,[*] J. Pro Tem.
KNOLL, Judge.
This appeal presents the question of whether defendant's insurance policy excludes plaintiff's claim for damages resulting from an alleged assault and battery at the insured's lounge.
Following the granting of defendants' motion for summary judgment on grounds of no coverage, plaintiff-appellant, Ladonna Gayle Wallace, appeals contending: (1) the insurance provision excluding coverage for assault and battery is ambiguous; and 2) the claim against the insurer is based on the insured's vicarious liability for its employee's alleged negligence and not based on an assault and battery theory.

FACTS
In her petition for damages, plaintiff alleges that on or about July 29, 1988, she and two friends attended an after hours party at Magnum's, a lounge in Lake Charles. After Rick Bagley, an employee served drinks to the trio, defendant, Erick Todd Huber, threw a drink in plaintiff's face. Huber allegedly attacked plaintiff in full sight of Bagley and inflicted injuries requiring medical treatment.
In addition to naming Huber as a defendant in the present suit, plaintiff named M & M Entertainment, Inc., the owner and operator of Magnum's, as the second defendant for its employee's alleged negligence in:
"a. Allowing persons into Magnum's after hours;
b. Allowing liquor to be served to defendant ERICK TODD HUBER, who was obviously intoxicated;
c. Failing to intervene and protect plaintiff after it was obvious that she was being attacked by defendant, ERICK TODD HUBER;
d. Failing to unlock the door so that other relief could enter the building to aid plaintiff in escaping from the attack and in fact locking the building so that this aid could not come to plaintiff's assistance;
e. Failing to call law enforcement at the outset of the disturbance;
f. Failing to unlock the door so that plaintiff might escape; and,
g. Any other acts of negligence which may be proved at the trial of this matter."
In a subsequent pleading, plaintiff amended her petition and added Nautilus Insurance Company (Nautilus) as the liability insurer for M & M Entertainment.
Defendant, Nautilus, filed a motion for summary judgment contending no liability on its part since the insurance policy issued *1249 to M & M specifically excludes from coverage any claim for assault and battery.
The exclusion reads:

"ASSAULT AND BATTERY EXCLUSION
It is hereby agreed and understood that no coverage shall apply under this policy for any claim, demand or suit based on assault and battery, and assault shall not be deemed an accident, whether or not committed by or at the direction of the insured."
Finding the policy exclusion unambiguous and enforceable, the trial court granted the motion for summary judgment.

ASSAULT AND BATTERY EXCLUSION
A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966.
Interpretation of an insurance contract is usually a legal question that can be properly resolved in the framework of a motion for summary judgment. Ledbetter v. Concord General Corporation, 564 So.2d 732 (La.App. 2nd Cir.1990).
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. art. 2046.
Any ambiguity in an insurance contract will be interpreted in favor of the insured. Murphy v. Louisiana Farm Bur. Mut. Ins., 569 So.2d 637 (La.App. 2nd Cir.1990). However, this rule of interpretation is inapplicable if dependent on strained constructions. Ray v. Republic Vanguard Ins. Co., 503 So.2d 217 (La.App. 3rd Cir. 1987).
The court will not supply an ambiguity or allow recovery "under the pretext of interpreting an ambiguity where none exists." Morrison on behalf of Morrison v. Miller, 452 So.2d 390, 392 (La.App. 3rd Cir.1984).
In the case sub judice, plaintiff contends the exclusion is ambiguous since it provides no coverage for an "assault and battery" in the first part of the exclusion clause, but later reads that only an "assault" shall not be deemed an accident. As plaintiff reads it, the absence of "battery" in the second part of the exclusion creates an internal inconsistency regarding whether or not a battery is excluded from coverage.
Reading the exclusion in its entirety, we perceive no ambiguity. The insurance policy excludes from coverage any assault and battery in the first part of the exclusion and, in the second part, merely goes one step further and excludes assault in the definition of accident. The absence of battery in the second part of the clause does not shroud the import of the clauseto deny coverage for any assault and battery committed at the insured's establishment. We find the exclusion very clear.
As we read plaintiff's second contention, coverage should be afforded under the Nautilus policy simply because the claim against its insured, M & M, is based on an employee's negligence as alleged in her petition. Identical to the circumstances in Taylor v. Duplechain, 469 So.2d 472 (La.App. 3rd Cir.1985), writ denied, 474 So.2d 1306 (La.1985), we dismissed this same argument since, in the final analysis, plaintiff's claim is for injuries received during an alleged physical attack. Plaintiff cannot seek coverage under this insurance policy based on allegations of negligence for damages allegedly resulting from an assault and battery. The bedrock of plaintiff's action stems from the alleged assault and battery regardless of how her cause of action is couched. See Cortinez v. Handford, 490 So.2d 626 (La.App. 2nd Cir.1986); Kiefer v. Whittaker, 468 So.2d 587 (La. App. 4th Cir.1985), writ denied, 469 So.2d 979 (La.1985). Therefore, we find the Nautilus insurance policy provides no coverage and the trial court was correct in granting the motion for summary judgment.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this *1250 appeal are assessed to plaintiff, Ladonna Gayle Wallace.
AFFIRMED.
NOTES
[*] Judge Joseph E. Coreil, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.