Winnacunnet & SAU #21 v. Nat'l Union  CV-93-627-B   08/29/95

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Winnacunnet Cooperative School District

    v.                                        No. 93-0627-B

National Union Fire Insurance Company

    and

School Administrative Unit #21

    v.                                        No.  93-0671-B

National Union Fire Insurance Company


**O R D E R**

Pending before me are cross motions for summary judgment in two related declaratory judgment actions seeking insurance coverage from National Union Fire Insurance Company ("National") for claims against its policyholders, Winnacunnet Cooperative School District ("Winnacunnet") and School Administrative Unit #21 ("Unit #21").  Because the motions raise the same legal issues and concern the same underlying facts, I consider the cases together and resolve the pending motions as follows.

**I.   BACKGROUND**

The suits underlying the declaratory judgment actions stem from the notorious Pamela Smart murder case.  See State v. Smart, 136 N.H. 639, cert. denied, 114 S. Ct. 309 (1993).  Former

1

students at Winnacunnet High School, Vance Lattime, Patrick Randall, and William Flynn, and their parents allege that Winnacunnet was negligent in hiring and supervising Pamela Smart as media director at the school and in supervising the plaintiff students. As a result, they claim that the students developed inappropriate relationships with Smart that allowed her to manipulate them emotionally and physically causing them to "incur injuries including but not limited to emotional distress, mental instability, physical incarceration, impairment of judgment." Cecelia Pierce alleges that while she was a student at Winnacunnet High School, Unit #21 was negligent in hiring, training, and supervising Smart and that its negligence caused "loss of education, loss of past, present and future earnings, loss of reputation and standing in the community, and mental anguish" to Pierce. Despite the generality of these allegations, the parties agree that the claimants' alleged injuries resulted from their knowledge of, or participation in, Smart's successful plan to kill her husband, Greg Smart.

Winnacunnet and Unit #21 both brought declaratory judgment actions to require National to defend and indemnify them under their liability policies for the claims brought by Lattime, Randall, Flynn, and Pierce. National now moves for summary judgment and relies on exclusions in the policy precluding

coverage for "claims arising out of" assault or battery, and bodily injury or death.[1]  Winnacunnet and Unit #21 have filed cross-motions for summary judgment arguing that the exclusions are inapplicable.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the record taken in the light most favorable to the nonmoving party shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Commercial Union Ins. Co. v. Walbrook Ins. Co., 7 F.3d 1047, 1049 (1st Cir. 1993).  A "material fact" is one "that might affect the outcome of the suit under the governing law," and a genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  I review the parties' motions under the appropriate standard.

---

[1]National also relies on an exclusion precluding coverage for claims "involving allegations of" criminal acts.  Since I find that the other two exclusions are applicable here, I need not consider National's argument based upon the criminal acts exclusion.

3

### III.  **DISCUSSION**

The declaratory judgment actions were brought pursuant to N.H. Rev. Stat. Ann. § 491:22 (Supp. 1994).[2]  When coverage provided by particular insurance policies is disputed under this statute, the insurer bears the burden of showing noncoverage. N.H. Rev. Stat. Ann. § 491:22-a (1983); Niedzielski v. St. Paul Fire & Marine Ins. Co., 134 N.H. 141, 147 (1991) (citing Laconia Rod & Gun Club v. Hartford Accident & Indem. Co., 123 N.H. 179, 182 (1983)).  If disputed terms are not defined in the policy or by judicial precedent, they are construed according to their plain and ordinary meaning in the context of the policy and "in the light of what a more than casual reading of the policy would reveal to an ordinarily intelligent insured." Concord Hosp. v. New Hampshire Medical Malpractice Joint Underwriting Ass'n, 137 N.H. 680, 682 (1993) (internal citations and quotations omitted). When disputed terms reasonably may be interpreted differently and one interpretation favors coverage, the ambiguity will be construed in favor of the insured.  Green Mountain Ins. Co. v.

---

[2]  State remedies such as declaratory judgment are available in diversity actions in federal court. Titan Holdings Syndicate v. Keene, 898 F.2d 265, 273 (1st Cir. 1990) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).

<u>George</u>, 138 N.H. 10, 14 (1993).

National relies on two policy exclusions to preclude coverage. The two exclusions at issue provide:

This policy does not apply:

. . .

    b) to any claims arising out of (1) false arrest, detention or imprisonment; (2) libel, slander or defamation of character; (3) assault or battery; (4) wrongful entry or eviction, or invasion of any right of privacy;

    c) to any claim arising out of bodily injury to, or sickness, disease or death of any person, or damage to or destruction of any property, including the loss of use thereof.

National argues that both exclusions apply because the underlying actions seek to recover for damages that resulted from Greg Smart's murder. Winnacunnet and Unit #21 challenge the applicability of the exclusions on two grounds.[3] First, they

---

[3]The policyholders' arguments apply to both their claims for a defense and their claims for indemnification. The duty to defend is broader than the duty to indemnify, as the insurer may be obligated to defend a groundless suit. <u>United States Fidelity & Guar. Co. v. Johnson Shoes</u>, 123 N.H. 148, 151-52 (1983). Further, unlike the duty to indemnify, the duty to defend is ordinarily determined by examining the allegations in the underlying complaints. <u>M. Mooney Corp. v. United States Fidelity & Guar. Co.</u>, 136 N.H. 463, 469 (1992). Since the underlying complaints do not refer to Greg Smart's death, I would have to find the exclusions inapplicable in determining National's duty to defend if I followed the general rule. However, in cases such

argue that because the underlying actions allege negligence as the cause of action and do not refer to any excluded acts,[4] the underlying actions are not excluded.  Second, they point to the broad and nonspecific language of the exclusions and contend that the exclusions are ambiguous.  I begin with the question of whether the exclusions apply to the underlying cause of action.

Exclusions of the type at issue here have been the subject of litigation in other jurisdictions.  Although the courts that have addressed the issue are split, most recognize that exclusions barring coverage for claims "arising out of" or "based on" an assault also plainly exclude coverage for claims that an insured negligently allowed the assault to occur.  See, e.g., United Nat'l Ins. Co. v. Entertainment Group, Inc., 945 F.2d 210, 213-14 (7th Cir. 1991); Audubon Indem. Co. v. Patel, 811 F. Supp.

_____

as this, where the alleged facts do not clearly preclude coverage, New Hampshire law permits the reviewing court to delve into the underlying facts "to avoid permitting the pleading strategies, whims, and vagaries of third party claimants to control the rights of parties to an insurance contract."  Id. Relying on M. Mooney Corp., I have looked beyond the face of the complaint in determining whether National owes its policyholders a duty to defend.

[4] Winnacunnet and Unit #21 agree that the injuries alleged in the underlying actions resulted from the conspiracy and murder of Greg Smart.

6

264, 265 (S.D. Tex. 1993); <u>Stiglich v. Tracks, D.C., Inc.</u>, 721 F. Supp. 1386, 1387 (D.D.C. 1989); <u>St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's Inc.</u>, 582 F. Supp. 865, 867 (E.D. Pa. 1984); <u>Dynamic Cleaning Serv. v. First Fin. Ins. Co.</u>, 430 S.E.2d 33, 34 (Ga. App.), <u>cert. denied</u>, 1993 Ga. LEXIS 664 (Ga. June 21, 1993) <u>and</u> <u>cert. denied</u>, <u>Brosy v. First Fin. Ins. Co.</u>, 1993 Ga. LEXIS 943 (Ga. Oct. 5, 1993); <u>Wallace v. Huber</u>, 597 So.2d 1247 (La. Ct. App. 1992); <u>Ross v. Minneapolis</u>, 408 N.W. 2d 910 (Minn. Ct. App. 1987). <u>But see</u> <u>Durham City Bd. of Educ. v. National Union Fire Ins. Co.</u>, 426 S.E. 2d 451, 456 (N.C. Ct. App.), <u>review denied</u>, 431 S.E.2d 22 (N.C. 1993).

Although the New Hampshire Supreme Court has not yet addressed this issue, the court has interpreted the phrase "arising out of" in a different context to mean "originat[ing] from a specified source." <u>Niedzielski</u>, 134 N.H. at 146. Nothing about the exclusions at issue in this case suggests that the phrase should be given a different meaning here. Thus, I conclude that the New Hampshire Supreme Court would follow the majority rule in concluding that a cause of action is deemed to arise out of an assault, within the meaning of the assault exclusion, whenever assault is the source of the injury on which the cause of action is based. Similarly, I conclude that a cause

7

of action is deemed to arise out of the death of another person if the injuries complained of result from the death of any person. Because the parties agree that the assault and death of Greg Smart was the underlying cause of the injuries alleged in the underlying action, the exclusions apply in this case. I turn to the plaintiffs' argument that the exclusions are ambiguous.

Winnacunnet and Unit #21 argue that the exclusions are ambiguous because they are silent as to who must commit the excluded acts and, therefore, could reasonably be interpreted to apply only to acts of the insureds. The exclusions bar coverage for "<u>any</u> claims arising out of . . . assault" and "<u>any</u> claim arising out of . . . death of any person." (Emphasis added.) Unqualified terms such as "any" ordinarily should not be construed to include unexpressed qualifications such as "but only if the act is committed by an insured." Moreover, the policyholders have not identified any other language in the policy that supports their argument for a more limited construction of the exclusions. In cases such as this, "where policy language is clear, [the] court will not create an ambiguity simply to construe the policy against the insurer." <u>International Surplus Lines Ins. Co. v. Manufacturers & Merchants Mutual Ins. Co.</u>, No. 94-133, 1995 WL 427940, at *3 (N.H. July 19,

8

1995).  Accordingly, I reject the policyholders' argument and conclude that the exclusions unambiguously bar their defense and indemnification claims.

## CONCLUSION

For the foregoing reasons, National's motions for summary judgment (documents 14 and 26) are granted, and Winnacunnet's and Unit #21's motions for summary judgment (documents 15 and 27) are denied.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

August 29, 1995

cc:  Gordon Rehnborg, Jr., Esq.
     Peter Saari, Esq.
     Linda Oliveira, Esq.
     Richard Sheehan, Esq.
     Mark Rumley, Esq.