Robert W. Mitchell sued William Richmond and Richmond 
Associates, Architects, alleging architectural malpractice. The trial court entered a summary judgment for the defendants. Mitchell appealed. We affirm. *Page 628 
Mitchell alleged in his complaint that the defendants had designed a house for him and had otherwise provided architectural services for the construction of that house, in Fairhope, in 1979. Mitchell contends that in late July or early August 1997, he discovered that his home had started to settle or sink because of major design problems, including, but not limited to, design problems relating to the foundation of the house; he alleged that these problems proximately caused substantial damage. Mitchell made claims based on theories of breach of contract and negligence.
The defendants moved for a summary judgment. In support of their summary-judgment motion, the defendant William Richmond filed an affidavit, which stated:
 "1. My name is William Richmond. All statements made herein are made from my personal knowledge.
 "2. I am an architect licensed to practice in the State of Alabama and am the owner of Richmond Associates, Architects. I was licensed to practice architecture at all times relevant to this suit.
 "3. In 1978, Robert Mitchell retained me to draft plans for his house in Fairhope, Alabama. I finished the plans in September 1978, but did not know at the time that Mr. Mitchell planned to act as his own contractor. Mr. Mitchell had recently retired as owner of a nursing home and was not a licensed contractor.
 "4. I visited the jobsite on several occasions during the early phase of construction. During the framing process, I objected to many of Mr. Mitchell's methods of construction and use of materials. However, I had no control or authority since Mr. Mitchell was both the owner and the contractor. Mr. Mitchell largely ignored my advice. After December 1978, I seldom visited the site unless Mr. Mitchell requested my assistance.
 "5. My last visit to the house was on March 6, 1979. At that time, Mr. Mitchell had completed the majority of the interior work on the house, including kitchen, baths, etc. To the best of my knowledge, the Mitchells were already living in the house or started living in it shortly thereafter.
 "6. In the nearly twenty years since his work was complete, I have not received a complaint about the Mitchell house until this suit was filed."
Mitchell presented no evidence by way of affidavit or otherwise in response to the defendants' summary-judgment motion or to Richmond's affidavit.
Rule 56, Ala.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541
(Ala. 1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784
(Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala. Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
When a party moving for a summary judgment makes a prima facie showing that no genuine issue of material fact *Page 629 
exists, as the defendants did in the present case, the burden shifts to the nonmovant to present "substantial evidence" supporting his position and creating a genuine issue of material fact. Bean v. Craig, 597 So.2d 1249, 1252 (Ala. 1990).
Mitchell's complaint states breach-of-contract and negligence causes of action. Those causes of action accrue based upon different factual occurrences. The statutory limitations period for suing on a breach-of-contract cause of action is six years, if the contract is not under seal. § 6-2-34, Ala. Code 1975. Any claim made concerning the quality of the services provided under the contract must be a warranty claim. Alabama cases hold that a breach-of-warranty cause of action against a contractor or architect accrues upon the completion of the building in regard to which the contractor or architect's work was done. Stephens v.Creel, 429 So.2d 278 (Ala. 1983); City of Birmingham v. CochraneRoofing Metal Co., 547 So.2d 1159 (Ala. 1989). Richmond's statement in his affidavit that Mitchell's house was substantially complete and was inhabited on, or shortly after, March 6, 1979, is not controverted. Thus, we conclude that the claim alleging breach of contract is time-barred. § 6-2-34.
Act No. 94-138, Ala. Acts 1994, imposed a new 2-year statute of limitations and a new 13-year statute of repose on all causes of action in tort or contract against architects or engineers. The Act is codified at § 6-5-220 to -228, Ala. Code 1975, and its provisions apply to causes of action accruing on or after February 25, 1994. § 6-5-223. The plaintiff Mitchell argues that any action against an engineer or architect, no matter how old or stale, was renewed with the passage of that 1994 statute. He claims that his causes of action had not accrued by February 25, 1994, and that, therefore, by the provisions of § 6-5-223, that date is "deemed" to be the date of "substantial completion," for purposes of determining the date the 13-year period provided for in §6-5-221(a) began to run; thus, he argues, his action was timely filed. However, Mitchell's interpretation of the statute does not follow the stated intent of the Legislature:
 "It is the legislative intent and purpose to establish a single period of limitation for all civil actions, whether in tort, contract or otherwise, commenced against architects and engineers and builders, which limitation period is two years from the date the cause of action accrues. This limitation period is equally applicable to actions in tort which currently must be commenced within two years from the date injury occurs, and those founded on contract which currently may be commenced within two years for oral contracts, six years for written con-tracts, or ten years for written contracts under seal after the completion of the contract work. The proposed two-year statute provides a uniform period of two years for filing all causes of action against architects in tort, contract, or otherwise, but provides that the statute of limitation does not commence until the time of injury or damage, which extends the commencement of the time for filing contract actions, or where latent or by its nature not reasonably discovered, does not commence until the time of discovery — thereby applying for the first time to both these tort and contractual actions, the so-called `discovery rule.' These changes accrue to the benefit of the injured party, and the Legislature finds that this benefit constitutes an adequate quid pro quo for abolishing rights of action which have not accrued within thirteen years of substantial completion of their work."
§ 6-5-225 (third paragraph). Mitchell's action was not timely filed, because § 6-5-222 provides that "no relief can be granted for any cause of action which accrued, and any right of action is barred which would have accrued, more than thirteen years after the substantial completion of construction of such improvement." In addition, *Page 630 
§ 6-5-223 provides that "substantial completion of construction of the improvement on or to real estate shall be deemed to be February 25, 1994, but [this article, § 6-5-220 to -228] shallnot revive any cause of action barred under existing law." Finally, § 6-5-224 states:
 "This article shall not be construed to create any cause of action against, or impose any liability on, or revive any cause of action barred under existing law against any architects, engineers, or builders, or any licensed real estate brokers or salesmen, or any other persons."
The defendants' summary judgment is affirmed.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Lyons, Brown, Johnstone, and England, JJ., concur.