JOHNSON, J.
In this claim for workers' compensation benefits, Claimant appeals a judgment excluding all of his evidence on the basis he failed to file a pre-trial order pursuant to the court's scheduling order which resulted in the dismissal of his disputed claim for compensation for failing to carry his burden of proof. For the following reasons, we vacate the judgment and remand the matter for further proceedings.
FACTS & PROCEDURAL HISTORY
Claimant, Juan Campos, filed a Disputed Claim for Compensation - 1008 Form on August 31, 2015 against his employer, Unlimited Master Contractors, LLC ("UMC"), seeking workers' compensation benefits for back, ribs and shoulder injuries he allegedly sustained in a work-related accident on July 11, 2015. Claimant asserted that the accident occurred when he fell off the roof of a house located on Broad St. in New Orleans while he was installing plywood. Claimant amended his disputed claim in March 2016 to add Eddie Smith, Vanessa Smith and LL5 Enterprises, LLC ("LL5") as defendants/employers.[1]
*970 LL5 filed an answer denying all claims. UMC denied that they had any employer/employee relationship with Claimant and filed an exception of no cause of action. Claimant filed a motion to strike the answers of LL5 and UMC on the basis the pleadings were not filed by licensed attorneys. He further sought a default judgment against the two defendants. According to a minute entry dated September 23, 2016, the workers' compensation court granted Claimant's motion to strike LL5's and UMC's answers and entered a preliminary default judgment. There is nothing in the record indicating that Claimant confirmed the preliminary default judgment against either LL5 or UMC.
Meanwhile, Eddie and Vanessa Smith ("the Smiths") filed exceptions of no cause of action and no right of action, which were overruled after a hearing. Thereafter, in February 2017, the Smiths filed their answer. On September 26, 2017, the workers' compensation court signed a Scheduling Conference Order, ordering that all pre-trial statements be filed 30 days prior to trial. The order further noted that trial was scheduled for February 15, 2018.
Approximately one week prior to trial, on February 6, 2018, Claimant filed an ex parte motion seeking to perpetuate his testimony for trial through a telephone deposition in lieu of his live testimony. Claimant's counsel represented that Claimant had been deported to El Salvador in December 2017 and would be unable to be present for trial. The Smiths objected to the motion and a hearing was held. On March 13, 2018, the workers' compensation court denied Claimant's motion "based on the facts and information presented." However, the court ordered that upon receipt of documentation showing Claimant's unavailability for trial and the duration for which he would be unavailable, a video deposition could be taken pursuant to La. C.C.P. art. 1434, but did not order Claimant to submit to or provide a video deposition.
On May 4, 2018, Claimant submitted a letter from the U.S. Immigration and Customs Enforcement dated May 2, 2018, stating that Claimant had been removed from the United States on November 9, 2017. Claimant also submitted a copy of Section 212 of the Immigration and Nationality Act to show that because he has been removed from the United States, he is unable to return to the United States for a period of ten years. Claimant urged that based on these two documents, he had adequately demonstrated his unavailability for trial.
Thereafter, on May 21, 2108, Claimant filed a motion to admit his June 26, 2017 deposition at trial in lieu of live testimony. His motion was not ruled upon prior to trial, which was held on May 23, 2018. At the beginning of trial, the Smiths indicated that they had a motion to dismiss based on two grounds - Claimant's inability to be present at trial - arguing against the use of Claimant's June 2017 deposition on the basis it was a "discovery" deposition and not a "perpetuation" deposition - and the failure of Claimant to file a pre-trial statement.[2]
*971 Addressing Defendants' motion to dismiss, the workers' compensation judge noted that her prior February 2018 ruling regarding the use of deposition testimony in lieu of live testimony was not followed; specifically, Claimant failed to submit a deposition in compliance with La. C.C.P. art. 1434. Further, remarking that neither Claimant nor the Smiths had filed a pre-trial statement, the workers' compensation judge struck all the witnesses and exhibits Claimant indicated that he intended to offer into evidence during trial on the basis they were not listed in the pre-trial statement and granted the Smiths' motion to dismiss. Claimant proffered his evidence, which included various exhibits and a statement regarding the content of a witness' testimony.
The workers' compensation court subsequently signed a written judgment on June 8, 2018, denying Claimant's motion to use his June 2017 deposition in lieu of live testimony and excluding all of his evidence at trial on the basis he failed to file a pre-trial statement. The judgment concluded that Claimant failed to meet his burden of proving that he sustained a work-related accident and injuries and dismissed Claimant's disputed claim for compensation with prejudice.
ISSUE
The sole issue raised in this appeal is whether the workers' compensation court abused its discretion in excluding all of Claimant's witnesses and exhibits at trial on the basis his attorney failed to file a pre-trial statement pursuant to the scheduling order of the court.[3]
DISCUSSION
Pursuant to its authority under 40 La. Admin. Code, Part I, Chapter 60, § 6005(A), the workers' compensation court issued a scheduling conference order on September 26, 2017, specifically stating, "PRE-TRIAL STATEMENTS/QUESTIONAIRES ARE TO BE FILED: 30 DAYS PRIOR TO TRIAL ."[4] The scheduling order also set forth that trial was scheduled for February 15, 2018. The order further stated that if trial was continued, and that the parties agreed that additional discovery was necessary, the noted deadlines would also be continued. The record in this case shows that trial was continued from February 15, 2018 until May 23, 2018. It is undisputed that neither Claimant nor the Smiths filed a pre-trial statement as ordered by the trial court before either trial date.[5]
*972 The trial court has much discretion in imposing sanctions for a party's failure to comply with scheduling orders, and its ruling will not be reversed absent an abuse of that discretion. See Benware v. Means , 99-1410 (La. 1/19/00), 752 So.2d 841, 847. In reviewing an imposed sanction, each case must be decided upon its own facts and circumstances. Id.
In Benware , supra , the Louisiana Supreme Court recognized that La. C.C.P. art. 1551 authorizes the dismissal of a case for a party's disobedience of or disregard for court orders pertaining to pre-trial procedure. However, it cautioned that "this extreme penalty obviously should seldom be imposed and should be reserved for only the most flagrant case." Benware, supra at 846. It emphasized that a dismissal of a case for the violation of a pre-trial order is a "draconian penalt[y] which should be applied only in extreme cases." Id. , quoting Horton v. McCary , 93-2315 (La. 4/11/94), 635 So.2d 199, 203. The supreme court went on to discuss the factors that should be considered in determining the appropriateness of the penalty for a pre-trial order violation.
It noted that one important consideration is whether the misconduct was by the attorney or the client, or both. Benware , supra at 847. In discussing this factor, the supreme court referred to its earlier decision in Horton , supra , wherein it reversed a sanction that granted a default judgment against a defendant whose attorney failed to comply with discovery orders issued by the trial court. In its decision, the Horton court discussed the fact that the record contained no evidence that the client participated in violating the trial court's order. The Horton court also noted the four factors considered by the federal courts before granting a default as a sanction - (1) the willfulness of the offending party in refusing to comply; (2) whether less harsh penalties are effective; (3) whether the opposing party's trial preparation was prejudiced by the offense; and (4) whether the client participated in the offense. Horton , 635 So.2d at 203, citing Batson v. Neal Spelce Assoc., Inc. , 765 F.2d 511 (5th Cir. 1985).
In addition to considering the client's culpability in non-compliance, the supreme court in Benware also listed additional factors to consider in determining the appropriateness of the penalty for violating pre-trial orders - "the stage of the proceeding at which the violation occurred, the presence or absence of prejudice to the opposing party's preparation of the case, and the nature and persistency of the misconduct that constitutes the violation." Benware , 752 So.2d at 847. Additionally, courts have required that the record show that the sanctioned party was clearly aware that his noncompliance would result in the dismissal of his case. Prudhomme v. Todd , 10-1132 (La. App. 1 Cir. 12/22/10), 2010 WL 5480319, *2 (unpublished opinion).
Considering these factors, we find the workers' compensation court abused its discretion in imposing the harshest sanction against the Claimant - excluding all of his evidence - for his failure to file a pre-trial statement. First, there is nothing in the record indicating that Claimant had any part in or contributed in any way to his counsel's failure to file a pre-trial statement. For example, there is no indication that Claimant refused to provide the necessary information for counsel to prepare the pre-trial statement. When faced with the motion to dismiss for failing to file a pre-trial statement, counsel for Claimant offered absolutely no explanation.
Second, while his failure was inexcusable, the record shows that Claimant's counsel's failure to file a pre-trial statement did not prejudice the Smiths. In proffering *973 his evidence, Claimant's counsel provided a statement to the court noting that all the evidence was known to the Smiths and had been previously provided to the Smiths well in advance of trial pursuant to discovery requests - which was not contradicted by Defendants.
Finally, there is no evidence of any gross disregard for the authority of the court and its efficient operation. See Benware , 752 So.2d at 847. This is not a case of repeated violations of pre-trial orders and/or requests ignored by the Claimant. We note that neither party complied with the trial court's pre-trial order to file a pre-trial statement. Compare Guste v. Lirette , 15-1284 (La. App. 1 Cir. 6/28/16), 2016 WL 3569840, *4 (unpublished opinion).
Considering these factors and based on the record before us, we find that the workers' compensation court's sanction of excluding all Claimant's evidence on the basis he failed to file a pre-trial statement was an abuse of its discretion. Although the court allowed Claimant to proffer his evidence, we find that justice requires the court's June 8, 2018 judgment be vacated and the matter be remanded for further proceedings consistent with this opinion. See Guste v. Lirette , supra . Specifically, we find the matter must be remanded for consideration of Claimant's evidence, including the admissibility of the evidence,[6] and determination of whether he meets his burden of proof based on the admitted evidence.
DECREE
For the foregoing reasons, we find the workers' compensation court erred in excluding all of Claimant's exhibits and witnesses at trial on the basis he failed to file a pre-trial statement. Accordingly, we vacate the June 8, 2018 judgment and remand the matter for further proceedings.
JUDGMENT VACATED; MATTER REMANDED
MOLAISON, J., DISSENTS FOR THE REASONS ASSIGNED BY LILJEBERG, J.
LILJEBERG, J., DISSENTS WITH REASONS
I disagree with the majority's finding that the workers' compensation judge abused her discretion in this matter. I further disagree with the majority's finding that the workers' compensation judge excluded all of Claimant's evidence and dismissed this case solely due to Claimant's failure to file a pretrial statement. The Judgment and transcript indicate the judge based her decision to exclude Claimant's evidence, including his own testimony, exhibits and witnesses, on Claimant's failure to comply with two court rulings - 1) the March 13, 2018 Judgment permitting Claimant to submit his testimony via video deposition; and 2) the September 26, 2017 Scheduling Conference Order requiring the parties to file a pre-trial statement 30 days prior to trial. The June 8, 2018 Judgment specifically provided in relevant part, as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Claimant was not present at Trial because he was removed from the United States on *974 November 9, 2017 and unable to return for a period of 10 years.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that on February 7, 2018, Claimant filed a Motion to Perpetuate his deposition and admit it at Trial in Lieu of his live testimony. By Order dated March 13, 2018, this Court ordered Claimant to prove his unavailability and allowed submission of a video deposition in compliance with LA CCP Article 1434. No video deposition was taken by either party.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that on May 21, 2018 (two days prior to Trial), Claimant's counsel filed a Motion to Admit his June 26, 2017 deposition in lieu of live testimony. After receiving opposition and hearing oral arguments, the Court denies the Motion and excludes claimant's June 26, 2017 deposition as a Trial exhibit.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Court's Scheduling Order requires that Pre-Trial Statements (listing witnesses and exhibits ) be filed 30 days prior to Trial. Claimant did not field a Pre-Trial Statement. As such, Claimant's exhibits are excluded from evidence at Trial.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Claimant, Juan Campos, did not meet his burden to show that he sustained an on the job accident.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Claimant, Juan Campos, did not meet his burden to show that he sustained injuries related to a work accident.
Based on the foregoing, the judge determined that Claimant failed to satisfy his burden to prove he sustained injuries related to a work accident and rendered judgment in favor of defendants, dismissing Claimant's claims with prejudice.
On the morning of the May 23, 2018 trial setting, the workers' compensation judge noted this matter was pending since August 31, 2015, and the trial date was continued on four prior occasions. As the majority opinion outlines above, nine days prior to the fourth trial setting on February 15, 2018, Claimant filed a motion to perpetuate his trial testimony by telephone deposition due to his deportation. In this motion, Claimant stated his testimony was "essential and critical" and the "[f]ailure to perpetuate Claimant's testimony through telephonic means would result in great injustice by essentially prohibiting the Claimant from proceeding with his case and granting the defendants a win based solely on circumstances that were not of the Claimant's choosing nor created by the claimant's fault." Claimant also noted that the deposition would serve the interests of justice by "allowing all parties the opportunity to cross-examine the Claimant."
Following a hearing on February 9, 2018, the judge denied Claimant's request to perpetuate his testimony by telephone deposition because it was "not convinced that a telephonic deposition would be reliable and meet the requirements as set forth in the Louisiana Code of Civil Procedure Article 1434," which requires a certified court reporter. Instead, the judge continued the trial date and permitted Claimant the opportunity to submit a video deposition, at his cost, once he provided evidence he was unavailable to attend trial. On May 4, 2018, Claimant submitted a letter from the U.S. Immigration and Customs Enforcement indicating Claimant was removed from the United States pursuant to a removal order issued on March 9, 2009. The removal order was issued after Claimant failed to appear for a hearing *975 on the "merits relative to [Claimant's] request for relief from removal."
Instead of obtaining a video deposition as ordered by the workers' compensation judge, two days prior to trial, Claimant filed a motion stating that opposing counsel did not take the opportunity to depose Claimant via video deposition and asked for the first time to use his June 26, 2017 discovery deposition in lieu of live trial testimony. On the morning of trial, defense counsel argued it was not defendants' obligation to initiate the video deposition and assist Claimant in prosecuting his case. Defendants also objected to the use of the discovery deposition, because Claimant allegedly failed to provide basic information regarding the date and location of the accident and the identity of the doctors who treated him, prior to the deposition. Defendants argued they did not have access to medical records and other essential information to cross-examine Claimant during the discovery deposition. Defendants explained that if Claimant was able to present his case via the discovery deposition, defendants would be stripped of their rights to cross-examine and impeach Claimant's testimony. Defendants also argued the judge should strike Claimant's exhibits and witnesses based on his failure to file a pre-trial statement as ordered by the judge.
After hearing argument from both sides, the judge noted that on the eve of the prior trial setting, Claimant urged that his perpetuation deposition was essential in order to prosecute his case and satisfy the interests of justice. Consequently, the judge did not grant Claimant's request to use his discovery deposition instead of the video deposition and noted a video deposition was not submitted to the court. The judge further noted that neither party filed a pre-trial statement prior to the five trial settings. The judge recognized the discretion she possessed in determining whether to exclude evidence under these circumstances and further noted her practice to strike evidence not listed in the pre-trial statement.
Based on the foregoing, it is clear the workers' compensation judge's decision to exclude Claimant's evidence was based on far more than the failure to file a pre-trial statement. The judge noted the matter was set for trial five times and pending for almost three years. Furthermore, the judge continued the prior trial date to allow Claimant time to submit his video deposition, which he claimed was essential. When he failed to submit the deposition, Claimant then tried to blame defendants and waited until two days prior to trial to ask for leave to submit his discovery deposition into evidence.
Further, I disagree with the majority's determinations that that the record does not contain evidence that Claimant contributed to the failure to comply with the judge's orders and that defendants would suffer no prejudice if Claimant were permitted to present his evidence. The documents submitted by Claimant regarding his inability to attend trial indicate the removal order leading to his deportation was entered due to his failure to appear at the hearing scheduled before the immigration judge. Furthermore, defendants explained they were unable to cross-examine Claimant during the discovery deposition because Claimant failed to provide basic information regarding the accident and doctors who treated him, which Claimant's counsel did not contest.
Based on the foregoing, I do not believe the workers' compensation judge abused her discretion by excluding Claimant's evidence.

Claimant amended his disputed claim a second time in August 2017 to add Impact Contractors, LLC and Impact Concrete Pumping, LLC (collectively "Impact") as employers/defendants. However, Claimant subsequently filed a motion to voluntarily dismiss his claims against these two parties, and a judgment dismissing them from the lawsuit with prejudice was signed by the workers' compensation court on May 21, 2018.
Of note, also in August 2017, Eddie and Vanessa Smith filed a cross-claim against Impact asserting they were liable for any damages assessed against the Smiths. However, at trial, the Smiths admitted that Impact had never been served with the cross-claim.

There is no written motion to dismiss in the record.

Claimant does not challenge the workers' compensation court's ruling denying his motion to use his deposition in lieu of live testimony.

Under the authority promulgated by La. R.S. 23:1310.1, the specific rules and regulations governing the Office of Workers' Compensation are set forth in Title 40 of the Louisiana Administrative Code. Under 40 La. Admin. Code, Part I, Chapter 60, § 6005(A), "[w]hen requested by the court, each party to the dispute shall file a pretrial statement with the appropriate district office within the time frame designated by the court." Further, 40 La. Admin. Code, Part I, Chapter 60, § 6007(A), specifies that the pretrial statement shall include all stipulations agreed to by the parties, the issues to be litigated, contentions, a list and brief description of all exhibits to be offered at trial, a list of all witnesses to be called at trial along with a short statement as to the nature of their testimony and designation of whether the testimony will be live or by deposition, and any outstanding discovery and depositions to be taken.

The only party that filed a pre-trial statement was Impact, which filed its pre-trial statement prior to the February trial date and had the action against it dismissed prior to the May trial date.

Because we are remanding the matter, we note that the workers' compensation ruling regarding the use of Claimant's deposition in lieu of live testimony relates to the admissibility of evidence and is interlocutory; thus, it may be reconsidered or revised upon proper motion at any time until the rendition of a final judgment. See Regions Bank v. Weber , 10-1169 (La. App. 4 Cir. 12/15/10), 53 So.3d 1284, 1286 ; Edmonds v. Boh Bros. Const. Co., Inc. , 516 So.2d 224, 225-26 (La. App. 4th Cir. 1987).